**LOCAL UNION NO. 90, Affiliated with the International Brotherhood of Teamsters, Warehousemen and Helpers of America, et al., Appellants,**

v.

**J.C. WHITE and White Landfill Company, Appellees.**

No. 68569.

Supreme Court of Iowa.

May 18, 1983.

Neil A. Barrick, Des Moines, for appellants.

Robert E. Dreher, Des Moines, for appellees.

Considered by HARRIS, P.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

HARRIS, Justice.

We affirm a trial court ruling which dismissed this action as barred by the statute of limitations. Iowa Code § 614.1(8) (1981). A federal statute, 29 U.S.C. § 185(a), (also known as section 301(a) of the Labor Management Relations Act) authorizes suits by labor organizations for labor contract violations. It contains no statute of limitations. Accordingly the timeliness of such a suit "... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *International Union, U.A.W. v. Hoosier Cardinal Corp.,* 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192, 199 (1966).

This is such a suit. It was filed February 14, 1980, for vacation benefits provided in a collective bargaining agreement which was to be in effect from May 1, 1973, through April 30, 1974. During that period, December 21, 1973, the employer ceased doing business.

Determination of which of several possible limitation periods is the most "appropriate one" depends upon "an examination of the nature of the federal claim and the federal policies involved." *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 60–61, 101 S.Ct. 1559, 1562–1563, 67 L.Ed.2d 732, 739 (1981). Accordingly "[t]he task is to select the characterization which 'best effectuates the federal policy at issue.'" *Butler v. Local Union 823, Int. Bro. of Teamsters,* 514 F.2d 442, 446 (8th Cir.1975). One of the leading federal policies is to further the "relatively rapid disposition of labor disputes." *United Parcel Service, Inc.,* 451 U.S. at 63, 101 S.Ct. at 1564, 67 L.Ed.2d at 740.

The question here is whether the plaintiffs' claim for unpaid vacation benefits should be categorized as one for wages (subject to a two-year period of limitations under section 614.1(8)), a breach of oral contract (subject to a five-year limitation under section 614.1(4)), or a breach of written contract (subject to a ten-year period of limitation under section 614.1(5)).

In *Hoosier Cardinal* the United States Supreme Court found that a claim for unpaid accumulated vacation pay was subject to a shorter limitation period available for oral contracts rather than the longer one which would govern written contracts. 383 U.S. at 705–06, 86 S.Ct. at 1113, 16 L.Ed.2d

at 200. Plaintiffs here point out that, although this action is essentially one for wages, it arises from the breach of a written contract. We however agree with the defendants and the trial court that the shorter statute of limitations for wages must apply rather than the general statute of limitations for written contracts. Our conclusion is demanded by the federal policy favoring the rapid disposition of labor disputes. We are not free to apply our contrary state rule. *See Sprung v. Rasmussen,* 180 N.W.2d 430, 433 (Iowa 1970).

AFFIRMED.