Loran W. ROBBINS, et al., Plaintiffs,

v.

EASTER ENTERPRISES, INC., d/b/a Ace Lines, Inc., Defendant.

Civ. No. 83-687-B.

United States District Court, S.D. Iowa, C.D.

Oct. 11, 1985.

On Motion to Alter or Amend March 7, 1986.

Paul A. Zoss, Adams, Howe & Zoss, P.C., Des Moines, Iowa, Russell N. Luplow, Di-ana L.S. Peters, Russell N. Luplow, P.C., Bloomfield Hills, Mich., for plaintiffs.

David H. Goldman, Black, Reimer & Goldman, Des Moines, Iowa, for defendant.

## MEMORANDUM

STUART, District Judge.

This is an action for failure to make contributions to union trust funds. Jurisdiction is premised on the Employee Retirement Income Security Act (ERISA), as amended by the Multi-Employer Pension Plan Amendments Act (MEPPAA), 29 U.S.C. § 1132. Plaintiffs, none of whom are citizens of Iowa, are trustees of the funds. Defendant, d/b/a Ace Lines, Inc., is an Iowa corporation with its principal place of business in Iowa.

This matter comes before the Court on plaintiffs' appeal of an Order by United States Magistrate R.E. Longstaff partially denying plaintiffs' motion to amend their complaint. The issue presented is whether the Magistrate was correct in holding that the claims asserted in Count 1 of the amended complaint are confined by the two-year statute of limitations contained in § 614.1(8) of the Iowa Code.

Both sides agree that in cases such as this, in which the applicable federal statutes prescribe no limitations period, the Court ordinarily must borrow "the most closely analogous statute of limitations under state law." *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). However, when adoption of state statutes would be at odds with the purpose or operation of federal substantive law, timeliness rules have been drawn from federal law. *Id.*, at 162, 103 S.Ct. at 2289.

Plaintiffs contend that the appropriate statute of limitations is Illinois' 10-year statute for written contracts. They acknowledge that the Court must apply Iowa choice-of-law rules to determine which State's substantive law should be used. Iowa has adopted the "most significant relationship" analysis for resolving choice-of-law questions. See Restatement (Second)

Conflicts of Law. Under § 187 of the Restatement, the law of the state chosen by the parties to govern their contractual rights ordinarily will be applied. The trust agreements, which establish the trust funds and give plaintiffs the authority to enforce defendant's contribution obligations, provide that the agreements "shall in all respects be construed according to and governed by the laws of Illinois." Plaintiffs argue that, in accordance with § 187, Illinois law should provide the limitations period for this action. They maintain that the most analogous Illinois statute of limitations is the 10–year statute for actions on written contracts. Ill.Rev.Stat. Ch. 110 § 13–206.

In response, defendant asserts that the language in the trust agreements requiring resort to Illinois law is of no relevance because the present action is one to enforce the collective bargaining agreements. The latter contain no such language. Defendant further asserts that, because § 187 of the Restatement has no bearing on this matter, a "most significant relationship" analysis results in application of Iowa law. In particular, defendant posits the applicability of Iowa Code § 614.1(8), which establishes a limitations period of two years for actions to recover "wages," defined to include payments to employee benefit funds. Iowa Code § 91A.2(4).

█ Although plaintiffs' right to institute this lawsuit is derived from ERISA and the Trust Agreements, the gravamen of plaintiffs' complaint is defendant's alleged failure to comply with its obligations under the collective bargaining arguments. Consequently, the Court agrees with defendant that the Illinois law proviso of the trust agreements is inapposite. The Court also agrees that Iowa has the most significant relationship to this action and that the most analagous Iowa statute of limitations is the two-year statute found at § 614.1(8). *Teamsters' Local Union No. 90 v. J.C. White,* 333 N.W.2d 839 (Iowa 1983); *Teamsters Pension Trust Fund v. John Tinney Delivery Service,* 732 F.2d 319, 323 (3rd Cir.1984). Finally, the Court believes that a two-year limitations period for actions to collect delinquent employee benefit plan contributions is no more too short to comport with congressional policy than a 10–year period would be too long. *See Byrnes v. DeBolt Transfer, Inc.,* 741 F.2d 620 (3rd Cir.1984).

The Court has considerable foreboding about the financial soundness of trust funds when there is no relationship between payments into the funds and benefits paid from the funds. The Court recognizes that a two-year statute of limitations places added burdens on the trustees, who are charged with enforcing a voluntary payment system but who are restricted in their use of costly annual audits. However, the Court also recognizes the problems created for labor and management when the trustees, who are not parties to the collective bargaining agreements, interpret the agreements in a manner that could result in the imposition of financial burdens not contemplated by the parties at the time the agreements were reached. It would be disruptive of labor peace and anomolous to allow a third-party beneficiary a longer period of time to sue under a collective bargaining agreement than is available to the parties to the contract. Of course, if fraud is involved, the trustees would not be confined to the two-year period of limitations.

█ There remains the question of whether plaintiffs' amended complaint should relate back to the date this action was originally filed. Defendant contends that there should be no relation back because, while plaintiffs' initial complaint was concerned merely with the accuracy of defendant's recordkeeping, the amended complaint alleges that a substantial group of employees was improperly excluded from coverage under the benefit plans. This, defendant urges, makes plaintiffs' new complaint essentially a new lawsuit. Again, the Court is constrained to agree with defendant. Under Rule 15(c) of the Federal Rule of Civil Procedure, a claim in an amended pleading will relate back to the date of the original pleading if the claim arose out of the same conduct, transaction,

or occurrence. Here, although both the original and amended complaints allege noncompliance with the contribution requirements of the employee benefit plans, the Court is unwilling to say that defendant had fair notice of plaintiffs' claim for expanded coverage. The amount sought by plaintiff as relief soared from approximately $88,500 to $1.15 million. Part of this increase is attributable to an ERISA penalty provision that effectively rewards plaintiffs for their delay in filing the amended complaint. See 29 U.S.C. § 1132(g)(2). Under the circumstances, the Court will restrict plaintiffs' claim in Count 1 to losses incurred no earlier than two years before filing of the amended complaint.

Except as thus modified the Magistrate's Order of January 23, 1985, is affirmed.

IT IS SO ORDERED.

### ON MOTION TO ALTER OR AMEND

Plaintiffs have filed a motion to alter or amend the Court's Order dated October 11, 1985. Having carefully considered plaintiffs' arguments, the Court has determined not to alter or amend its earlier Order. In particular, the Court finds that *Schneider Moving & Storage Company v. Robbins*, 466 U.S. 364, 104 S.Ct. 1844, 80 L.Ed.2d 366 (1984), does not establish, as plaintiffs assert, that this action is more in the nature of a suit under the trust agreements than under the collective bargaining agreement. The fact that the trust agreements require defendant to make contributions according to the terms of the collective bargaining agreement does not make this a suit under the trust agreements. The plain language of the trust agreements—"This Agreement shall in all respects be construed according to and governed by the laws of the State of Illinois...."—suggests that application of Illinois law is limited to the trust agreements and does not extend to the collective bargaining agreement. The Court also finds that, contrary to plaintiffs' assertion, it is not required to give deference to the Trustees' interpretation of the trust agreements. Finally, the Court continues to believe that the State of Iowa has the most significant relationship to the limitations question and that the two-year statute of Iowa Code § 614.1(8) is the most analogous Iowa statute of limitations.

Plaintiffs also ask the Court to clarify its earlier Order so as to provide that "plaintiffs are entitled to claim $56,011.60 for damages to the Pension Fund and $32,671.59 for damages to the Health and Welfare Fund for unpaid contributions accruing between December 12, 1981, and December 12, 1983, . . . ." The Court finds that it would be inappropriate to make such a "clarification" at this time and under the present record. The Court will, however, grant plaintiffs' request to clarify that the applicable limitations period is tolled as of December 6, 1984, the date of plaintiffs' proposed "First Amended Complaint."

Finally, the Court agrees with plaintiffs that its Order of October 11, 1985, involves a controlling question of law as to which there is substantial ground for difference of opinion. An immediate appeal from the Order may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

IT IS SO ORDERED.