**1348**

Loran W. ROBBINS; Marion M. Winstead; Harold J. Yates; Earl L. Jennings, Jr.; Howard McDougall; Robert J. Baker; Thomas F. O'Malley; and R.V. Pulliam, Sr.; Trustees of the Central States, Southeast and Southwest Areas Pension Fund, and Central States, Southeast and Southwest Areas Health and Welfare Fund, Appellants,

v.

IOWA ROAD BUILDERS
COMPANY, Appellee.

Loran W. ROBBINS; Marion M. Winstead; Harold J. Yates; Earl L. Jennings, Jr.; Howard McDougall; Robert J. Baker; Thomas F. O'Malley; R.V. Pulliam, Sr.; Trustees of the Central States, Southeast and Southwest Areas Pension Fund and Central States, Southeast and Southwest Areas Health and Welfare Fund, Appellants,

v.

EASTER ENTERPRISES, INC., d/b/a
Ace Lines, Inc., Appellee.

Nos. 86–1347, 86–1399.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 8, 1986.

Decided Sept. 21, 1987.

Rehearings and Rehearings En Banc
Denied Nov. 24, 1987.

Rehearing and Rehearing En Banc
Denied Dec. 7, 1987.

Russell Luplow and Diana L.S. Peters, Bloomfield Hills, Mich., for appellants.

John G. Black, Des Moines, Iowa, for appellee Easter Enterprises.

Thomas D. McMillen, Jr., Des Moines, Iowa for appellee Iowa Road Builders Co.

Before McMILLIAN and BOWMAN, Circuit Judges, and CONMY,* District Judge.

McMILLIAN, Circuit Judge.

These cases have been consolidated for purposes of appeal. Appellants are the trustees of two large multiemployer employee benefit plans, the Central States, Southeast and Southwest Areas Pension Fund and the Central States, Southeast and Southwest Areas Health and Welfare Fund (hereinafter collectively the funds), that operate as trusts for the purpose of providing certain health, welfare and pension benefits to employees covered by collective bargaining agreements negotiated between various employers and local Teamsters unions. The funds were established pursuant to § 302(c)(5) of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 186(c)(5), and are governed by the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. § 1145.

Appellants appeal from two orders entered in the District Court for the Southern District of Iowa applying Iowa's two-year statute of limitations for actions under the Iowa wage payment collection law, Iowa Code Ann. §§ 91A, 614.1(8) (West 1984 & Supp.1987). *Robbins v. Easter Enterprises, Inc.*, 650 F.Supp. 199, 201 (S.D. Iowa 1985) (*Easter Enterprises*); *Robbins v. Iowa Road Builders Co.*, Civil No. 84–471–A, slip op. at 4 (S.D. Iowa Mar. 6, 1986) (*Iowa Road Builders*). For reversal appellants argue the district court should have instead applied either Illinois's ten-year statute of limitations for actions for breach of written contracts, Ill.Rev.Stat. ch. 110, § 13–206 (1985), pursuant to the choice of law provision in the trust agreements and conflicts of law analysis, or, alternatively, pursuant to the law of the forum state, Iowa's ten-year statute of limitations for actions for breach of written contracts, Iowa Code Ann. § 614.1(5). For the reasons discussed below, we reverse and remand each case for further proceedings consistent with this opinion.

*Robbins v. Iowa Road Builders Co.,* No. 86–1347

Iowa Road Builders Co. (hereinafter IRB), an Iowa corporation engaged in the business of heavy construction, entered into a collective bargaining agreement with Teamsters Local 90 covering IRB employees at IRB's Ames plant, effective May 1979–April 1982. In 1981 IRB opened another plant in Des Moines; IRB and Local 90 entered into a separate collective bargaining agreement covering IRB's Des Moines employees, effective August 1981–July 1982, renewable every year. Each collective bargaining agreement required IRB to participate in the funds and to make monthly contributions to the funds at specified rates on behalf of its employees. The rate of contribution for IRB's Des Moines employees was higher than that for IRB's Ames employees. On August 1, 1981, IRB signed a "participation agreement" in which it agreed to be bound by the terms of the funds. In September 1981 IRB and Local 90 agreed that IRB's contributions for any Ames employees who were "temporarily" transferred to the Des Moines plant would be made at the lower rate for Ames employees.

Later appellants and IRB disagreed about the applicable rate of contributions to be made for certain IRB employees who worked at the Des Moines plant for several months during 1981. IRB treated these employees as only temporary transfers and thus argued that contributions to the funds for these employees were to be made at the

---

* The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

lower Ames rate. Appellants, however, argued that these employees should have been treated as either permanent transfers or new hires, and therefore IRB should have made contributions to the funds for these employees at the higher Des Moines rate.

On June 22, 1984, appellants filed a complaint in federal district court against IRB pursuant to LMRA § 301(a), 29 U.S.C. § 185(a), and ERISA § 502, 29 U.S.C. § 1132 (as amended by MPPAA § 306, 29 U.S.C. § 1145), to recover the delinquent contributions. Appellants sought $4,667.00 in delinquent contributions to the pension fund, $1,652.50 in delinquent contributions to the health and welfare fund, plus interest, liquidated damages, and attorney's fees and costs. IRB moved for summary judgment, arguing that this dispute arose, and thus appellants' claim for delinquent contributions to the funds necessarily accrued, at some point before November 1981, when IRB ceased operations. Thus, IRB argued, because appellants' complaint was not filed until June 1984, more than two years later, it was barred by the two-year statute of limitations applicable to Iowa wage payment collection actions. The district court agreed with IRB's statute of limitations argument and granted summary judgment in favor of IRB. *Iowa Road Builders*, Civil No. 84–471–A, slip op. at 4. Appellants appealed.

### Robbins v. Easter Enterprises, Inc. (Ace Lines, Inc.), No. 86–1399

Easter Enterprises, Inc., doing business as Ace Lines, Inc., an Iowa corporation engaged in the trucking business (hereinafter Ace Lines), entered into the following collective bargaining agreements with Teamsters Local 147: the 1976–1979 and 1979–1982 National Master Freight Agreement (NMFA), Central States Area Local Cartage Supplemental Agreement and the Central States Area Over-the-Road Supplemental Agreement. (Ace Lines also entered into similar collective bargaining agreements with Teamsters Local 544, which represented a small group of Ace Lines employees located in Minneapolis.) The supplemental agreements incorporated

the trust agreements by reference and required Ace Lines to make monthly contributions on behalf of regular employees on the payroll for 30 days to the funds. Ace Lines also executed "participation agreements" in which it agreed to be bound by the terms of the trust funds.

Under the terms of the NMFA, subcontracting was prohibited except on an "overflow" basis. The NMFA also prohibited local unions and employers from entering into agreements or "riders" to modify the terms of the NMFA without the approval of the Conference Joint Area Committee or the National Grievance Committee. The NMFA further provided that any substandard riders or riders that had not been approved by either committee were null and void.

In December 1983 appellants filed an action in federal district court against Ace Lines pursuant to LMRA § 301(a), 29 U.S.C. § 185(a), and ERISA § 502, 29 U.S.C. § 1132 (as amended by MPPAA § 306, 29 U.S.C. § 1145), to recover delinquent contributions. Appellants sought $56,011.60 in delinquent contributions to the pension fund, and $32,671.59 in delinquent contributions to the health and welfare fund, through October 19, 1983, plus interest, liquidated damages, and attorney's fees and costs. In January 1984 Ace Lines filed an answer, specifically asserting, in addition to other defenses, that appellants' action was barred by either the six-month statute of limitations applicable to hybrid § 301/breach of the duty of fair representation claims, citing *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983) (*DelCostello*), or by the two-year statute of limitations applicable to Iowa wage payment collection actions, Iowa Code Ann. § 614.1(8).

During the fall of 1984, by agreement of the parties, fund auditors were permitted to examine Ace Lines' books and records. The auditors discovered substantial additional delinquent contributions. In November 1984 appellants filed a motion for leave to amend their complaint to add claims for the newly discovered delinquent contribu-

tions. Most of the newly discovered delinquent contributions were due under the 1979–1982 agreements, but some were due under the earlier 1976–1979 agreements. In December 1984 appellants submitted, but did not file because the magistrate had not yet ruled on their motion for leave to amend, their first amended complaint seeking an additional $1,040,000, plus interest, in delinquent contributions to the pension fund, and $110,000, plus interest, in delinquent contributions to the health and welfare fund.

Appellants claimed that Ace Lines and Teamsters Local 147 had executed improper "riders" to the NMFA under which Ace Lines had stopped contributing to the pension fund on behalf of certain "company drivers" and "owner-operators" hired after April 1, 1979, and had instead established and contributed to non-Teamster pension funds for these employees, and had withheld contributions to the health and welfare fund until its employees had been employed for 60 days, instead of the 30 days provided in the NFMA. Appellants argued that these "riders" had not been approved by either the Conference Joint Area Committee or the National Grievance Committee and thus were invalid and unenforceable. Appellants also argued that Ace Lines' "trip-leasors" were regular employees, not subcontractors, and thus Ace Lines should have made contributions to the funds for them.

Ace Lines opposed appellants' motion for leave to amend and renewed its argument that most of appellants' claims for unpaid contributions were barred by a two-year statute of limitations. Appellants argued that their claims, even for contributions allegedly due in 1976, were not time-barred because the applicable statute of limitations was either the Illinois ten-year statute of limitations for actions on written contracts, specified by the choice of law provision in the trust agreements, or the Iowa ten-year statute of limitations for actions on written contracts. Appellants argued

that application of the shorter two-year statute of limitations to claims against employers for delinquent contributions due to employee benefit funds, which operate under a self-reporting contribution system, subject to random audits, would unduly frustrate the policy objectives of ERISA.

In January 1985 the magistrate granted appellants' motion for leave to file Count I of their amended complaint, but applied the two-year statute of limitations applicable to Iowa wage payment collection actions, thus limiting appellants' claims for delinquent contributions to those due within two years of the date the action was originally filed in December 1983. *Robbins v. Easter Enterprises, Inc.*, Civ. No. 83–687–B, slip op. at 2 (S.D. Iowa Jan. 23, 1985) (order of magistrate).[1] The district court affirmed the magistrate's decision but modified the order to toll the running of the two-year limitations period from December 6, 1984, the date of the amended complaint, instead of the original filing date. 650 F.Supp. at 201–02. The district court also reconsidered its characterization of the nature of the action in light of *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 104 S.Ct. 1844, 80 L.Ed.2d 366 (1984) (*Schneider Moving*), and reaffirmed its view of the action as one involving enforcement of collective bargaining agreements, not trust agreements. 650 F.Supp. at 202 (Mar. 7, 1986) (order on post-trial motions). The district court then certified its order as one involving "a controlling question of law as to which there is substantial ground for difference of opinion" for immediate appeal. *Id.;* 28 U.S.C. § 1292(b). This court granted the interlocutory appeal (No. 86–1399) and consolidated the cases for purposes of appeal.

The district court's analysis of the statute of limitations defense was the same in each case. The district court acknowledged in each case that appellants' claims for delinquent contributions to the pension fund and health and welfare fund were

---

**1.** The magistrate also denied appellants leave to file Count II of their amended complaint which alleged withdrawal liability under ERISA, as amended by the MPPAA, on the grounds that

withdrawal liability was subject to arbitration; the dismissal of Count II is not an issue in these appeals.

based on ERISA, as amended by the MPPAA. *Easter Enterprises,* 650 F.Supp. at 201; *Iowa Road Builders,* Civil No. 84–471–A, slip op. at 1. The district court, however, then characterized the "gravamen" of appellants' complaint in each case as involving the employer's "alleged failure to comply with its obligations under the collective bargaining agreements" and thus viewed these cases as actions to enforce collective bargaining agreements and not as matters of trust administration. *Easter Enterprises,* 650 F.Supp. at 201; *Iowa Road Builders,* Civil No. 84–471–A, slip op. at 2. Consequently, the district court decided that the choice of law provision contained in the trust agreements, which specified the Illinois statute of limitations for actions for breach of written contracts, was "inapposite" to an action to enforce collective bargaining agreements. *Easter Enterprises,* 650 F.Supp. at 201; *Iowa Road Builders,* Civil No. 84–471–A, slip op. at 2. The district court decided that Iowa had the most significant relationship to the actions and that the most analogous Iowa statute of limitations was the two-year statute of limitations applicable to actions under the Iowa wage payment collection law, Iowa Code Ann. §§ 91A, 614.1(8), which specifically defines "wages" to include payments to employee benefit funds due under an agreement with the employer, *id.* § 91A.2(4)(c). *Easter Enterprises,* 650 F.Supp. at 201, *citing Teamsters Pension Trust Fund v. John Tinney Delivery Service, Inc.,* 732 F.2d 319, 322–23 (3d Cir. 1984) (*John Tinney* ) (three-year statute of limitations for Pennsylvania wage payment and collection act), *and Byrnes v. DeBolt Transfer, Inc.,* 741 F.2d 620, 625 (3d Cir. 1984) (*DeBolt Transfer* ) (following *John Tinney* decision as controlling, without additional analysis); *Iowa Road Builders,* Civil No. 84–471–A, slip op. at 3 (citing same 3d Cir. cases).

For reversal appellants argue the district court erred in characterizing these actions to collect unpaid contributions as actions to enforce the collective bargaining agreements. Appellants characterize these actions as actions for judicial enforcement of the trust agreements, which were incorporated by reference in the collective bargaining agreements or the participation agreements, or both, and not as labor disputes. Appellants thus argue the district court should have applied the statute of limitations for actions for breach of written contracts, pursuant to the Illinois choice of law provision in the trust agreements or, alternatively, pursuant to the law of the forum state.

In response IRB and Ace Lines argue that the district court's view of appellants' actions as involving labor disputes and enforcement of collective bargaining agreements was correct. IRB and Ace Lines argue that because the statutory definition of "wages" specifically includes employer contributions to employee benefit funds, Iowa Code Ann. § 91A.2(4)(c), the district court correctly determined that an action under the Iowa wage payment collection law was "most analogous" to an action to collect delinquent contributions under ERISA, or the LMRA, for statute of limitations purposes. IRB and Ace Lines further argue that because they are not parties to the trust agreements for either the pension fund or the health and welfare fund, the only "written contracts" at issue in these actions are the collective bargaining agreements, not the trust agreements.

■ Appellants' complaints alleged claims for breach of the trust agreements pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a).[2] This statute provides a basis for federal jurisdiction, and a federal forum, for these claims. *See Schneider Moving,* 466 U.S. at 366 n. 2, 104 S.Ct. at 1846 n. 2. Because an action to collect delin-

---

2. Appellants' complaints also cite LMRA § 301(a), 29 U.S.C. § 185(a). If the collective bargaining agreement does not incorporate the trust fund agreement by reference and the employer has not executed a participation agreement, then the trustees of the fund can sue the employer under LMRA § 301(a), 29 U.S.C.

§ 185(a), as third-party beneficiaries of the collective bargaining agreement. *Lewis v. Benedict Coal Co.,* 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960). On appeal, however, appellants argue that they seek enforcement of the trust agreements, not the collective bargaining agreements. Brief for Appellants at 22–24.

quent fund contributions states a federal cause of action, appellants' arguments about the choice of law provision in the trust agreements and conflicts of law principles, arguments which are premised upon diversity jurisdiction, are inapposite. *Central States, Southeast & Southwest Areas Pension Fund v. Kraftco, Inc.*, 799 F.2d 1098, 1105 n. 5 (6th Cir.1986) (banc) (*Kraftco*), *cert. denied*, — U.S. ——, 107 S.Ct. 1291, 94 L.Ed.2d 147 (1987).

■ ERISA does not (nor does LMRA § 301(a), 29 U.S.C. § 185(a)), however, contain a statute of limitations applicable to trustee actions to recover delinquent contributions.[3] "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266-67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985) (footnote omitted) (statute of limitations applicable to 42 U.S.C. § 1983 actions); *see also DelCostello*, 462 U.S. at 170-71, 103 S.Ct. at 2293-94 (hybrid § 301/breach of the duty of fair representation claims); *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703-04, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966) (LMRA § 301 claims). Accordingly, we must determine the "most appropriate," *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975), or the "most analogous," *Board of Regents v. Tomanio*, 446 U.S. 478, 488, 100 S.Ct. 1790, 1797, 64 L.Ed.2d 440 (1980), Iowa statute of limitations to apply to appellants' ERISA claims. In order to do so, we must first "characterize the essence of the claim in the pending case, and decide which state statute provides the most appropriate limiting principle." *Wilson v. Garcia*, 471 U.S. at 268, 105 S.Ct. at 1943.

> The characterization of [a federal claim] for statute of limitations purposes is derived from the elements of the cause of action, and Congress' purpose in providing it. These, of course, are matters of federal law.... Only the length of the

limitations period, and closely related questions of tolling and application, are to be governed by state law.

*Id.* at 268-69, 105 S.Ct. at 1943 (footnote omitted); *see also UAW v. Hoosier Cardinal Corp.*, 383 U.S. at 706, 86 S.Ct. at 1113.

> By adopting the statute governing an analogous cause of action under state law, federal law incorporates the State's judgment on the proper balance between the policies of repose and the substantive policies of enforcement embodied in the state cause of action. However, when the federal claim differs from the state cause of action in fundamental respects, the State's choice of a specific period of limitation is, at best, only a rough approximation of "the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones."

*Wilson v. Garcia*, 471 U.S. at 271, 105 S.Ct. at 1944-45, *citing Johnson v. Railway Express Agency, Inc.*, 421 U.S. at 463-64, 95 S.Ct. at 1721-22. "[S]tate law is applied only because it supplements and fulfills federal policy, and the ultimate question is what federal policy requires." *UAW v. Hoosier Cardinal Corp.*, 383 U.S. at 709, 86 S.Ct. at 1115 (White, J., dissenting).

The choice here is between actions for breach of written contracts and actions under the wage payment collection law. The district court followed the analysis of the Third Circuit and held that the state cause of action to collect unpaid wages, which are defined by the statute to include contributions to employee benefit funds, was most analogous to the trustees' federal cause of action under ERISA to collect delinquent contributions. *Easter Enterprises*, 650 F.Supp. at 201, *citing John Tinney*, 732 F.2d at 322-23, *and DeBolt Transfer*, 741 F.2d at 625 (following *John Tinney* decision as controlling, without additional analysis); *Iowa Road Builders*, Civil No. 84-471-A, slip op. at 3 (citing same 3d Cir. cases). However, for the reasons dis-

---

**3.** Statutory amendment would be desirable for the establishment of a uniform limitations peri-

od where, as here, the trust agreements and administration are multi-state.

cussed below, we hold that the "most appropriate" characterization of trustee actions under ERISA to collect delinquent contributions for statute of limitations purposes is as actions for breach of written contracts. *See, e.g., Trustees for Alaska Laborers-Construction Industry Health & Security Fund v. Ferrell*, 812 F.2d 512, 517 (9th Cir.1987); *Kraftco*, 799 F.2d at 1105; *Trustees of Operative Plasterers' Local Union Officers & Employees Pension Fund v. Journeymen Plasterers' Protective & Benevolent Society, Local Union No. 5*, 794 F.2d 1217, 1221–22 n. 8 (7th Cir.1986) (*Plasterers*). *Cf. Kraftco*, 799 F.2d at 1107–08 (LMRA § 301(a) actions); *IAM v. Allied Products Corp.*, 786 F.2d 1561, 1563 (11th Cir.1986) (same); *Smith v. Kerrville Bus Co.*, 748 F.2d 1049, 1051 (5th Cir.1984) (same); *O'Hare v. General Marine Transport Corp.*, 740 F.2d 160, 167–68 (2d Cir.1984) (same), *cert. denied*, 469 U.S. 1212, 105 S.Ct. 1181, 84 L.Ed.2d 329 (1985).

We do not find dispositive the state statutory definition of "wages" or state case law applying the state wage payment collection statute, *see, e.g., Teamsters Local Union No. 90 v. White*, 333 N.W.2d 839 (Iowa 1983). State authority is helpful, but the characterization of the federal claim for purposes of determining which state cause of action, and corresponding state statute of limitations, is most analogous is "ultimately a question of federal law." *UAW v. Hoosier Cardinal Corp.*, 383 U.S. at 706, 86 S.Ct. at 1113; *see also Wilson v. Garcia*, 471 U.S. at 270 & n. 22, 105 S.Ct. at 1944.

We perceive fundamental differences between the state and federal claims that make characterization of appellants' claim under ERISA for delinquent contributions as an action under the state wage payment collection law unreasonable and inconsistent with federal labor and pension policy.[4] Although both types of actions seek the recovery of employment benefits, wage payment collection actions involve attempts by employees, or the state commissioner of labor, to obtain employment benefits directly from the employer. In general, a dissatisfied employee will realize when the employer has failed to afford him or her a particular employment benefit and can then promptly initiate an action against the employer, or file a complaint with the state commissioner of labor, under the state wage payment collection law. In contrast, the trustees of employee benefit trust funds act as fiduciaries of the beneficiaries of the funds. *See Schneider Moving*, 466 U.S. at 372–76 & n. 13, 104 S.Ct. at 1849–51 & n. 13, *citing NLRB v. Amax Coal Co.*, 453 U.S. 322, 337, 101 S.Ct. 2789, 2798, 69 L.Ed.2d 672 (1981). The trustees may not discover underpayments until a beneficiary applies for benefits, which can be some years after the employment relationship has ended. Given the self-reporting system of employer contributions to the funds, the trustees may not discover a particular employer owes delinquent contributions unless and until they conduct an audit. *See Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985) (*Central Transport*).

More importantly, however, we think that the Third Circuit's position, which was followed by the district court in the present case, must be reconsidered in light of the Supreme Court's subsequent treatment of trustee actions under ERISA in *Schneider Moving* and *Central Transport*. In each case, the Supreme Court distinguished actions brought by the trustees of employee benefit trust funds to enforce the trust agreements, whether brought directly under trust agreements or indirectly as third-party beneficiaries under collective bargaining agreements, from actions brought by either unions or employers to enforce collective bargaining agreements, and

---

4. Appellants' cause of action is a federal one and, to the extent that state law conflicts with either ERISA or LMRA (or the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*), it is pre-empted. *Cf. Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1902, 85 L.Ed.2d 206 (1985); *National Metalcrafters v. McNeil*, 784 F.2d 817, 826–29 (7th Cir.1986) (action for vacation pay under Illinois wage payment law held pre-empted by federal labor law in context of collective bargaining agreement).

clearly characterized trustee actions under ERISA as actions to enforce the trust agreements and not as actions to enforce the collective bargaining agreements. *Central Transport*, 472 U.S. at 569–82, 105 S.Ct. at 2837–46; *Schneider Moving*, 466 U.S. at 371–76, 104 S.Ct. at 1848–51; *see also NLRB v. Amax Coal Co.*, 453 U.S. at 337, 101 S.Ct. at 2798.

In our view, the district court and the employers placed too much emphasis upon the "labor dispute" aspects of this litigation. In the typical "labor dispute," labor and management may resort to the use of economic weapons that will disrupt "labor peace." In those situations, the courts often defer to the "relatively rapid final resolution of labor disputes favored by federal law," *DelCostello*, 462 U.S. at 168, 103 S.Ct. at 2292, and require arbitration, *see Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578, 582–83, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960), or apply relatively short statutes of limitation, *see DelCostello*, 462 U.S. at 161–70, 103 S.Ct. at 2289–94, in order to promote the objectives of collective bargaining and to restore labor peace. In comparison, however, these appeals involve disputes between the trustees and the employer over fund contributions in which the parties are unlikely to resort to the use of economic weapons, disputes that are essentially over matters of trust administration. As noted in *Schneider Moving*, 466 U.S. at 372 & n. 13, 104 S.Ct. at 1849 & n. 13, disputes between the trustees and the employer over fund administration, like the "disputes between benefit fund trustees over the administration of the trust cannot, as can disputes between parties in collective bargaining, lead to strikes, lockouts, or other exercises of economic power." *NLRB v. Amax Coal Co.*, 453 U.S. at 337, 101 S.Ct. at 2798. "Although the employer has economic weapons at its disposal, they would serve little purpose in disputes with the trustees

of employee-benefit funds." *Schneider Moving*, 466 U.S. at 372 n. 13, 104 S.Ct. at 1849, n. 13.

We hold the state cause of action for breach of written contracts, and the applicable statute of limitations, is most analogous to trustee collection actions under ERISA. *See Ferrell*, 812 F.2d at 517; *Kraftco*, 799 F.2d at 1105; *Plasterers*, 794 F.2d at 1221–22 n. 8.[5] Appellants' actions are not barred under Iowa's ten-year statute of limitations for actions for breach of written contracts. Accordingly, the orders of the district court are reversed and the cases are remanded to the district court for further proceedings consistent with this opinion.

---

5. We also reject application of the six-month period provided in 29 U.S.C. § 160(b) for unfair labor practice charges and applied to hybrid § 301/breach of the duty of fair representation claims in *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). *See Trustees for Alaska*

*Laborers-Constr. Indus. Health & Sec. Fund v. Ferrell*, 812 F.2d 512, 517 (9th Cir.1987); *Central States, Southeast & Southwest Areas Pension Fund v. Kraftco, Inc.*, 799 F.2d 1098, 1105–07 (6th Cir.1986) (banc), *cert. denied*, — U.S. —, 107 S.Ct. 1291, 94 L.Ed.2d 147 (1987).