**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., Plaintiffs,**

v.

**SHERMAN PRODUCE COMPANY, INC., Defendant.**

**No. 87–1645C–(1).**

United States District Court, E.D. Missouri, E.D.

Feb. 29, 1988.

David B.B. Helfrey, St. Louis, Mo., for plaintiffs.

Theodore D. Ponfil, Blumenfeld, Sandweiss, Marx, Tureen, Ponfil & Kaskowitz, Clayton, Mo., for defendant.

## ORDER AND MEMORANDUM

NANGLE, Chief Judge.

IT IS HEREBY ORDERED that defendant's motion to reconsider be and is denied.

IT IS FURTHER ORDERED that defendant be and is sanctioned for filing a frivolous motion to reconsider. As sanctions, defendant be and is assessed with plaintiffs' attorney's fees incurred in responding to defendant's motion to reconsider. Plaintiffs shall submit a fee petition to the Court for approval within fifteen (15) days of this date.

This trustee action to collect delinquent ERISA contributions pursuant to 29 U.S.C. § 1132 is now before the Court on defendant's motion to reconsider the Court's order denying defendant's motion to dismiss on statute of limitations grounds. In its order denying defendant's motion to dismiss, the Court, relying upon *Central States v. King Dodge, Inc.*, 835 F.2d 1238 (8th Cir.1987) and *Robbins v. Iowa Road Builders Co.*, 828 F.2d 1348 (8th Cir.1987), concluded that a Missouri statute of limitations applies to plaintiffs' action herein. The sole basis for defendant's motion to reconsider is the fact that the Eighth Circuit in *King Dodge* and *Robbins* did not consider the possible application of the ERISA § 1113(a)(2) statute of limitations for breach of an ERISA trustee's fiduciary duties in ERISA trustee collection actions pursuant to 29 U.S.C. § 1132.

"ERISA does not ... contain a statute of limitations applicable to trustee actions to recover delinquent contributions." *Robbins v. Iowa Road Builders Co.*, 828 F.2d 1348, 1353 (8th Cir.1987). In *Robbins*, the Eighth Circuit held that the most analogous statute of limitations from the forum state is applied in such actions. *Id.; see Wilson v. Garcia*, 471 U.S. 261, 266–267, 105 S.Ct. 1938, 1941–1942, 85 L.Ed.2d 254 (1985). The Court further held that the most analogous statute of limitations is the forum state's statute of limitations for breach of written contracts. 828 F.2d at 1354. Subsequently, in *Central States v. King Dodge, Inc.*, 835 F.2d 1238 (8th Cir. 1987), the Eighth Circuit held that, when Missouri is the forum state, the Missouri ten-year statute of limitations for breach of written contracts generally will apply in trustee collection actions pursuant to ERISA § 1132. 835 F.2d 1239–40. (In certain circumstances, the Missouri five-year statute of limitations may apply. *Id.*).

*Robbins* and *King Dodge*, read together, squarely hold that a Missouri statute of limitations applies in this action. Because *Robbins* and *King Dodge* are the law in this Circuit, this Court must apply those cases and this Court has no power to reexamine the law as determined by those

cases. *Drake v. Scott*, 812 F.2d 395, 400 (8th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); *Woodard v. Sargent*, 806 F.2d 153, 156 (8th Cir.1986); *Dudley v. Dittmer*, 795 F.2d 669, 673 (8th Cir.1986); *Fisher v. Trickey*, 656 F.Supp. 797, 807 (W.D.Mo.1987). Thus, the fact that *Robbins* and *King Dodge* did not consider the possible application of ERISA § 1113(a)(2) to ERISA trustee collection actions is of no import. Likewise, because this Court must follow these recent Eighth Circuit precedents, defendant's motion to reconsider is frivolous.

For the foregoing reasons, defendant's motion to reconsider is denied. Further, defendant is sanctioned for filing a frivolous motion to reconsider. As sanctions, defendant is assessed for plaintiff's attorney's fees incurred in responding to defendant's motion to reconsider.