**HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, Plaintiffs,**

v.

**The PUB OF NEW JERSEY, Defendant.**

**Civ. A. No. 90–2515 (MHC).**

United States District Court, D. New Jersey.

Sept. 7, 1990.

Meranze and Katz by Marie A. Fritzinger, Cherry Hill, N.J., for plaintiffs.

Fox, Rothschild, O'Brien & Frankel by Louis J. Capozzi, Jr., Martin J. Sobol, Philadelphia, Pa., for defendant.

1. *See* discussion *infra.*

2. Alternatively, Pub would apply N.J.Rev.Stat. § 17B:27–46 (West 1985) which pertains to

## OPINION

COHEN, Senior District Judge:

Defendant, The Pub of New Jersey ("Pub"), moves for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(b) for failure to state a claim upon which relief can be granted. The sole issue presented by this motion is the determination of the applicable statute of limitations for claims under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185 and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (West 1985 & Supp.1990). For the reasons set forth below, we hold that New Jersey's six-year statute of limitations applicable to contract claims, governs.

## I. BACKGROUND

The facts are not in dispute. Plaintiff, Hotel Employees and Restaurant Employees International Union Welfare Fund ("Hotel Employees"), and defendant, Pub, are parties to a collective bargaining agreement which requires that Pub make certain contributions to various employee benefit funds. An independent audit of the Pub's payroll records revealed a delinquency in defendant's Welfare Fund in the amount of $7,820 for the period February 1983 to May 1985.

On or about June 27, 1990, Hotel Employees filed a complaint under Section 301 of LMRA and Sections 502 and 515 of ERISA seeking contribution of money owed to the fund, attorneys fees and other relief. Both parties correctly note that the state statute of limitations most analogous to the LMRA and ERISA provisions controls these claims.[1] The Pub maintains that the most analogous state statute of limitations in New Jersey is contained in N.J.Rev.Stat. § 34:11–56a25.1 (West 1988), the Minimum Wage Standards Law ("MWSL"), which provides for a two-year statute of limitations.[2] Hotel Employees

group health insurance and contains a three-year limitations period.

argues that the six-year limitations period applicable to contracts claims applies. *See,* N.J.Rev.Stat. § 2A:14–1 (West 1985).

## II. DISCUSSION

The standard for granting summary judgment is a stringent one. A court may grant summary judgment only when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Hersh v. Allen Prods. Co.,* 789 F.2d 230, 232 (3d Cir.1986); *Lang v. New York Life Ins. Co.,* 721 F.2d 118, 119 (3d Cir.1983). In deciding whether there is a disputed issue of material fact the court must determine all doubt in favor of the non-moving party. *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n. 2 (3d Cir.1983), *cert. dismissed,* 465 U.S. 1091, 104 S.Ct. 2144, 79 L.Ed.2d 910 (1984); *Smith v. Pittsburgh Gage & Supply Co.,* 464 F.2d 870, 874 (3d Cir.1972).

■ Neither ERISA nor LMRA provides for a statute of limitations applicable to actions to recover delinquent contributions or to enforce collective bargaining agreements. It is well settled, however, that courts should apply the "most appropriate," *Johnson v. Railway Express Agency,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975), or "most analogous," *Board of Regents v. Tomanio,* 446 U.S. 478, 488, 100 S.Ct. 1790, 1797, 64 L.Ed.2d 440 (1980), state law to the federal claim. *See, Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1941–42, 85 L.Ed.2d 254 (1985); *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 703–05, 86 S.Ct. 1107, 1111–13, 16 L.Ed.2d 192 (1966); *Teamsters Pension Trust Fund v. John Tinney Delivery Service,* 732 F.2d 319, 322 (3d Cir.1984).

Courts must not, however, adopt a local time limitation as federal law where to do so would be inconsistent with federal law or policy. *See, DelCostello v. Teamsters,* 462 U.S. 151, 161, 103 S.Ct. 2281, 2289, 76 L.Ed.2d 476 (1983); *see also, Wilson,* 471 U.S. at 266–67, 105 S.Ct. at 1941–42; *Hoosier,* 383 U.S. at 703–05, 86 S.Ct. at 1111–13.

■ Defendants rely on *Teamsters Pension Trust Fund v. John Tinney Delivery Service, Inc.,* 732 F.2d 319, 322 (3d Cir. 1984), to support their contention that the MWSL is most analogous to the present ERISA and LMRA claim. In *Tinney,* the Third Circuit applied the three-year statute of limitations period in Pennsylvania's Wage Payment and Collection Law, Pa. Stat.Ann. tit. 43, § 2609a(g) (Purdon Supp. 1989) ("WPCL"), in an action to recover unpaid benefits. That court declined to apply Pennsylvania's six-year statute of limitations governing actions on written contracts. *Tinney,* 732 F.2d at 322–23. The court reasoned that, because the WPCL governs state-based claims for collection of unpaid wages, which are defined to include contributions to employee benefit trust funds,[3] it was "clearly more 'appropriate' than the general six-year statute urged by the Trust Funds." *Id.*

Defendant characterizes New Jersey's MWSL as the "counterpart" to Pennsylvania's Wage Payment and Collection Law. The MWSL is distinguishable from Pennsylvania's WPCL however, since, significantly, the MWSL does not define wages to include contributions to employee benefit funds unlike the Pennsylvania statute which expressly refers to ERISA.[4]

Courts have recognized a dichotomy between pension-type actions and typical "la-

---

3. The section includes within the definition of wages "benefits under any employment benefit plan, as defined in section 3(3) of [ERISA]...." Pa.Stat.Ann. tit. 43, § 260.2a.

4. *See* note 2, *supra.*
N.J.Rev.Stat. § 34:11–56a1 provides:
As used in this act:
. . . .
(d) 'Wages' means any moneys due an employee from an employer for services ren-

dered or make available by the employee to the employer as a result of their employment relationship including commissions, bonus and piecework compensation and including any gratuities received by an employee for services rendered for an employer or a customer of an employer and the fair value of any food or lodgings supplied by an employer to an employee....

bor disputes" or actions founded on collective bargaining agreements. *See, e.g., Schneider Moving & Storage Co. v. Robbins,* 466 U.S. 364, 372 & n. 13, 104 S.Ct. 1844, 1849, n. 13, 80 L.Ed.2d 366 (1984); *Vernau v. Vic's Market, Inc.,* 896 F.2d 43, 45 n. 3 (3d Cir.1990); *Robbins v. Iowa Road Builders Co.,* 828 F.2d 1348, 1354–55 (8th Cir.1987), *cert. denied sub nom. Easter Enterprises, Inc. v. Robbins,* 487 U.S. 1240, 108 S.Ct. 2914, 101 L.Ed.2d 945 (1988). Because the former type of dispute can "lead to strikes, lockouts, or other exercises of economic power," *Schneider,* 466 U.S. at 372 n. 13, 104 S.Ct. at 1849 n. 13 (quoting *NLRB v. Amax Coal Co.,* 453 U.S. 322, 337, 101 S.Ct. 2789, 2798, 69 L.Ed.2d 672 (1981)) a relatively short statute of limitations promotes the objectives of collective bargaining and labor peace. *See Robbins,* 828 F.2d at 1355. By contrast, where the dispute arises between a fund (or its trustees) and the employer over fund contributions, the action essentially involves trust administration; "disputes between the trustees and the employer over fund administration, like the 'disputes between benefit fund trustees over the administration of the trust cannot, as can disputes between parties in collective bargaining, lead to strikes, lockouts, or other exercises of economic power.'" *Id.* (quoting *NLRB v. Amax Coal Co.,* 453 U.S. at 337, 101 S.Ct. at 2798).

The purpose of the MWSL is to provide fair wages reasonably commensurate with the value of services rendered. *See generally, New Jersey Hairdressers, Inc. v. Male,* 68 N.J.Super. 381, 172 A.2d 462, 465 (1961). Actions for wages under this statute are more akin to labor disputes than the present action for delinquent pension fund contributions. Accordingly, the federal policies of collective bargaining and labor peace which would be furthered by a shorter limitations period are not directly implicated by this action.

Moreover, actions under state wage collection laws are initiated by aggrieved employees who generally become aware of the basis for the cause of action as soon as the employer fails to confer on the employee a particular employment benefit. In comparison, the trustees of employment benefit trust funds may not discover delinquencies until either a beneficiary applies for benefits or, as here, they conduct an audit. *See Robbins,* 828 F.2d at 1354; *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985).

To the extent the MWSL is similar to Pennsylvania's WPCL, it should be noted that the Third Circuit has recently indicated that it may not even apply the three-year limitations period upheld in *Tinney* to future cases involving Pennsylvania law. In a footnote in *Vernau v. Vic's Market, Inc.,* 896 F.2d 43 (3d Cir.1990), the court noted that the Third Circuit

> may wish to reconsider *Tinney* in light of three factors: (1) every court of appeals, save ours, to have selected a state limitations statute to apply to pension actions has chosen the state's general contract limitations period; *Robbins [supra ]; Trustees of the Wyoming Laborers Health & Welfare Plan v. Morgen & Oswood,* 850 F.2d 613, 620–21 (10th Cir. 1988) (citing cases); (2) The Supreme Court, in *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.,* 472 U.S. 559 [105 S.Ct. 2833, 86 L.Ed.2d 447] (1985), and *Schneider Moving and Storage Co. v. Robbins,* 466 U.S. 364 [104 S.Ct. 1844, 80 L.Ed.2d 366] (1984), has viewed pension-type actions as founded on the benefit trust agreements (contracts) rather than upon the collective bargaining agreements (wages); and, (3) The federal government has an interest, via the Pension Benefit Guarantee Corp. (PBGC), in the financial integrity of pension trust funds that may lead us to give actions involving trust funds a longer limitations period, if the choice between two limitations periods is … not clear cut. This federal policy interest differs from a state's interest in rapid settlement of labor disputes in order to promote labor harmony.

*Vernau,* 896 F.2d at 45 n. 3.

Finally, the issues involved in actions seeking delinquent pension contributions

"may be decided by reference to principles of contract and agency law apart from the federal statutes that procedurally give rise to these claims and our jurisdiction. [Plaintiff's] action is, so to speak, a creature of contract law, rather than labor law." *Central States, Southeast and Southwest Areas Pension Fund v. Kraftco, Inc.*, 799 F.2d 1098, 1106 (6th Cir.1986) (*en banc*).

For the foregoing reasons, we hold that N.J.Rev.Stat. § 2A:14–1, the six-year statute of limitations period for contract actions, governs the instant action.[5] Accordingly, defendant's Motion to Dismiss shall be denied and an appropriate order in conformity with the opinion of this Court shall be filed this day.

---

**5.** We reject defendant's alternative claim that N.J.Rev.Stat. § 17B:27–46 is the most appropriate state statute of limitations. That section is part of New Jersey's Life and Health Insurance Code which has little, if anything, in common with the present action.