Joseph P. CONNORS, Sr.,
et al., Plaintiffs,

v.

PAYBRA MINING COMPANY,
INC., et al., Defendants.

Civ. A. No. 2:90–1061.

United States District Court.
S.D. West Virginia,
Charleston Division.

March 11, 1993.

Anderson & Seyer, Washington, DC, Angus E. Peyton, Brown & Peyton, Charleston, WV, for Paybra Min. Co., Inc. and Steam Coal Sales, Inc. and RO–JO Service Enterprises, Inc.

Richard A. Seyer, William H. Howe, Mary Lou Smith, Howe, Anderson & Seyer, Washington, DC, Angus E. Peyton, Brown & Peyton, Charleston, WV, for other defendants.

Mark E. Heath, Anna M. Dailey, Smith, Heenan & Althen, Charleston, WV, for interested parties.

Joseph S. Beeson, Robinson & McElwee, Charleston, WV, Jonathan D. Schiller, Jeffrey A. Bartos, Donovan Leisure, Rogovin & Schiller, Washington, DC, for movants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the parties pretrial briefs on the issues of (1) the statute of limitations [1] and (2) the contractual liability of Paybra Mining Company, Inc. (Paybra). The Court treats these filings as cross motions for partial summary judgment. The Court GRANTS Plaintiffs' motion for summary judgment on the statute of limitations issue and DENIES Defendants' motion for summary judgment on that same issue. Concluding genuine issues of material fact remain, the Court also DENIES the parties cross motions for summary judgment on the issue of the contractual liability of Paybra.

The Plaintiffs second amended complaint is grounded in both the Employee Retirement Income Security Act (ERISA) and the Labor Management Relations Act (LMRA). Plaintiffs assert Defendants are delinquent on contributions due and owing certain pension and benefit plans. The Court first addresses the statute of limitations issue.

Gary A. Collias, McIntyre, Haviland & Jordan, Charleston, WV, David W. Allen, Margaret M. Topps, Kenneth M. Johnson, UMWA Health & Retirement Funds, Office of General Counsel, Washington, DC, Stacy A. Hickox, Knoxville, TN, for plaintiffs.

Christopher S. Smith, Hoyer, Hoyer & Smith, Charleston, WV, Richard A. Seyer, William H. Howe, Mary Lou Smith, Howe,

1. Defendants only raise this affirmative defense by way of the West Virginia Wage Payment and Collection Act. *W.Va.Code* § 21–5C–8(d) (1989). Plaintiffs responded to this argument and, in apparent anticipation, noted another limitations period, 29 U.S.C. § 1113(1), that Defendants might have raised. Defendants have not supplemented their brief to this Court to include the § 1113(1) defense, however, and Plaintiffs have not otherwise suggested that § 1113(1) is a jurisdictional limitations period. Accordingly, the Court does not address the § 1113(1) limitations period.

## I. THE STATUTE OF LIMITATIONS

■ Neither ERISA nor the LMRA contain a statute of limitations for actions seeking recovery of delinquent contributions. *See, e.g., Robbins v. Iowa Road Builders Co.,* 828 F.2d 1348, 1353 (8th Cir.1987), *cert. denied,* 487 U.S. 1234, 1240, 108 S.Ct. 2899, 2914, 101 L.Ed.2d 933, 945 (1988). When Congress fails to impose a limitations period for a federal claim, the court will utilize the "most appropriate" or "most analogous" state limitations period. *See, e.g., DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). The court determines the appropriate state limitations period "by examin[ing] ... the nature of the federal claim and the federal policies involved." *Trustees of the Wyoming Laborers Health and Welfare Plan v. Morgen & Oswood Constr. Co., Inc.,* 850 F.2d 613, 618 (10th Cir.1988) (quoting *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 60–61, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981)).

■ In actions seeking recovery of delinquent contributions under ERISA, the overwhelming majority of circuit courts utilize the state limitations period for contract actions. *Wyoming Laborers,* 850 F.2d at 620 (citing cases) (stating "almost every court that has addressed a claim for delinquent contributions under ERISA has characterized that claim as a contract claim"); *Robbins,* 828 F.2d at 1354; *Trustees for Alaska Laborers v. Ferrell,* 812 F.2d 512, 517 (9th Cir.1987); *Central States S.E. & S.W. Areas Pension Fund v. Kraftco, Inc.,* 799 F.2d 1098, 1107 (6th Cir.1986), *cert. denied,* 479 U.S. 1086, 107 S.Ct. 1291, 94 L.Ed.2d 147 (1987); *Trustees of the Operative Plasterers' and Cement Masons' Local Union Officers and Employees Pension Fund v. Journeymen Plasterers' Protective and Benev. Soc.,* 794 F.2d 1217, 1221 n. 8 (7th Cir.1986). *But see Teamsters Pension Trust Fund v. John Tinney Delivery Serv., Inc.,* 732 F.2d 319, 322 (3rd Cir.1984).[2]

Plaintiffs assert West Virginia's ten-year limitation period on contract actions is applicable. *W.Va.Code* § 55–2–6 (1981). Defendants assert the two-year limitation period in the West Virginia Wage Payment and Collection Act is applicable. *W.Va.Code* § 21–5C–8(d) (1989).

In *Robbins,* the court was also presented with a choice between wage payment collection or contract limitations periods. *Robbins,* 828 F.2d at 1353. In choosing the latter, the court, *inter alia,* noted the timing differences between wage payment collection actions and delinquent contribution actions:

> In general, a dissatisfied employee will realize when the employer has failed to afford him or her a particular employment benefit and *can then promptly initiate an action against the employer....* [In contrast] [t]he trustees may not discover underpayments until a beneficiary applies for benefits, *which can be some years after the employment relationship has ended.*

*Robbins,* 828 F.2d at 1354 (emphasis added).

Further, the *Wyoming Laborers* decision noted the Supreme Court's view that the relationship between trustees and employers is founded *on contract. Wyoming Laborers,* 850 F.2d at 620. The Court finds the reasoning of *Robbins* and *Wyoming Laborers* persuasive. The contractual nature of Plaintiffs' delinquent contributions claim and Congressional policy on maintaining the integrity of

---

**2.** In *Tinney,* the Court of Appeals for the Third Circuit held the three-year limitations period of Pennsylvania's Wage Payment and Collection Law applied to an action seeking recovery of unpaid benefits under the LMRA. The Third Circuit adheres to the *Tinney* position in ERISA delinquent contribution actions as well. *Gluck v. Unisys Corp.,* 960 F.2d 1168, 1180–81 (3rd Cir. 1992).

However, Judge Scirica offers convincing arguments for the court to reconsider the *Tinney* decision. *Vernau v. Vic's Market Inc.,* 896 F.2d 43, 45 n. 3 (3rd Cir.1990). In *Vernau,* Judge Scirica stated three reasons for reconsideration: (1) the Third Circuit's position is contrary to that of all other circuits; (2) the Supreme Court of the United States "has viewed pension-type actions as founded on the benefit trust agreements (contracts) rather than upon the collective bargaining agreements (wages);" and (3) federal policy on maintaining the integrity of pension

pension trust funds [3] indicate the longer contract limitations period is the most "appropriate" here.

For these reasons and others, the Court concludes West Virginia's ten-year limitation period on contract actions is applicable to the instant case. Accordingly, the Court GRANTS Plaintiffs' motion for summary judgment on the statute of limitations issue and DENIES Defendants' motion for summary judgment on the same issue.

## II. THE CONTRACTUAL LIABILITY OF PAYBRA MINING COMPANY, INC.

■ Ordinarily, the construction and interpretation of a contract is a question of law for the court. *See Murray v. Kaiser Aluminum & Chem. Corp.*, 591 F.Supp. 1550, 1553 (S.D.W.Va.1984), *aff'd*, 767 F.2d 912 (4th Cir. 1985). However, when parties assert conflicting intentions based upon the same contractual language, the resulting ambiguity presents a genuine issue of material fact. *Atalla v. Abdul–Baki*, 976 F.2d 189, 195 (4th Cir.1992). The Court of Appeals for the Fourth Circuit has held that

> [o]nly an unambiguous writing justifie[s] summary judgment, and no writing is unambiguous if 'susceptible of two reasonable interpretations.' ... If there is more than one permissible inference as to intent to be drawn from the language employed, the question of the parties' actual intention is a triable issue of fact.

*Id.* at 192 (quoting *Bear Brand Hosiery Co. v. Tights, Inc.*, 605 F.2d 723, 726 (4th Cir. 1979) and *American Fidelity & Cas. Co. v. London & Edinburgh Ins. Co.*, 354 F.2d 214, 216 (4th Cir.1965)).

Paybra is signatory to a standard 1988 National Bituminous Coal Wage Agreement (NBCWA). One provision of that agreement reads as follows:

> Failure of any Employer signatory hereto to make full and prompt payments to the Trusts specified in this Article in the manner and on the dates herein provided shall be deemed a violation of this agreement. This obligation of each Employer signatory hereto, which is several and not joint, to so pay such sums shall be a direct and continuing obligation of said Employer during the life of this Agreement and it shall be deemed a violation of this Agreement, if any mine, preparation plant or other facility to which this Agreement is applicable shall be sold, leased, subleased, assigned, or otherwise disposed of for the purpose of avoiding any of the obligations hereunder.

National Bituminous Coal Wage Agreement of 1988, Feb. 1, 1988, art. XX(d)(6).

The Agreement obligated Paybra to make contributions to the 1950 Pension Trust and Benefit Plan and Trust and the 1974 Pension Trust and Benefit Plan and Trust. The record is unclear, but it appears that Paybra sub-subleased areas that it was mining under contract for Island Creek Coal Company to Defendant Steam Coal Sales, Inc. (Steam). Prior to this event, Steam entered into a modified 1988 NBCWA with the UMWA which waived contributions to the 1950 Pension Trust and Benefit Plan and Trust.

Plaintiffs assert the transfer of Paybra's contract to Steam violates Article XX(d)(6) of the 1988 NBCWA. Defendants respond, *inter alia*, that Article XX(d)(6) does not cover agreements between subcontractors which have no effect on the mining property at issue. Although the law on these issues is well-developed and favorable to Plaintiffs' position, the Court concludes the record to date is insufficient to summarily dispose of this matter. Accordingly, the parties' cross motions for summary judgment on the issue of the contractual liability of Paybra Mining Company Inc. are DENIED.

---

trust funds dictates a longer limitations period should apply. *Id.*

**3.** The court in *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289 (9th Cir.1987), stated as follows:

> We note especially that effectuation of federal policy is not impeded by application of a six year [contract] statute of limitations. Congress has expressed its clear desire 'to remove jurisdictional and procedural obstacles which ... appear to ... hamper[ ] effective ... recovery of benefits due.'
> Imposing too short a statute would interfere with the strong federal policy that underlies ERISA.
> *Id.* at 298 (citations omitted).

At the trial of this action, the Court will consider any evidence offered on (1) the nature of the transaction between Paybra and Steam and, if applicable, (2) the intent of Article XX(d)(6) with respect to agreements between subcontractors which have little or no effect on the mining property at issue.