481 F.Supp. 1241 (1979)
Loran W. ROBBINS, Robert E. Schlieve, Marion M. Winstead, Harold J. Yates, Robert J. Baker, Howard McDougall, Thomas F. O'Malley and R. V. Pulliam, The Present Trustees of Central States, Southeast and Southwest Areas Pension Fund, a Pension Trust, and Loran W. Robbins, Robert E. Schlieve, Marion M. Winstead, Harold J. Yates, Robert J. Baker, Howard McDougall, Thomas F. O'Malley and R. V. Pulliam, The Present Trustees of Central States, Southeast and Southwest Areas Health and Welfare Fund, a Pension Trust, Plaintiffs,
v.
Bill E. NEWMAN, an Individual, and Bill E. Newman, DBA Newman Truck Service, and Newman Truck Service, Inc., Defendants.
No. 77-1224C(2).
United States District Court, E. D. Missouri, E. D.
December 26, 1979.
Donald J. Weyerich, LaTourette & Weyerich, Clayton, Mo., for plaintiffs.
Richard S. Bender, Rosenblum, Goldenhersh, Silverstein & Zafft, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This case is now before the Court for consideration of the report of the Honorable David D. Noce, United States Magistrate, sitting as a special master. This case *1242 was referred to the magistrate upon the consent of the parties, and he proceeded to try the case as to liability only, with trial on the issue of damages to follow this Court's present review.
The suit was brought by plaintiffs, as trustees of the Central States, Southeast and Southwest Areas Health and Welfare Fund and the Central States, Southeast and Southwest Areas Pension Fund, to recover delinquent payments to those funds allegedly owing from defendants. The magistrate found that Bill Newman was bound by the Central Area States Agreement for the years in question, obligating him to make contributions to plaintiffs' funds. The magistrate also found that Newman's Truck Service, Inc. was bound by the agreements as the successor employer of Bill Newman. Only two issues now merit extended discussion by this Court  the magistrate's determination that Newman's Truck Service, Inc. was successor employer of Bill Newman, and the magistrate's determination of the appropriate statute of limitations.
In December of 1974, Bill Newman incorporated a portion of his business as Newman's Truck Service, Inc. Assets of the sole proprietorship were transferred to the corporation approximately one year later. Only a portion of the sole proprietorship's assets and business were transferred to the corporation, and the sole proprietorship remained in business.
Between the assets and business transferred to the corporation and those retained by the sole proprietorship, the business interests owned and controlled by Bill and Marsha Newman were the same before and after the change. The change in no way affected the persons or entities with whom the Newmans conducted their trucking business.
Defendant Newman's Truck Service, Inc. argues that it can not be a "successor employer" since it did not obtain all the assets and business of the sole proprietorship and the sole proprietorship remained in business. It is this Court's opinion that defendant misses the point. Newman's Truck Service, Inc. should not be compared with the sole proprietorship to determine if it is a successor employer. The important inquiry is nature of the business operations before and after the change. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). This Court does not view it as significant that the assets and the business operations were split between two organizations. Both before and after the change, the owners and operators of the trucking companies involved controlled the same assets and conducted the same businesses from the same facilities. The same employees were employed in the same jobs and under the same working conditions. Therefore, the magistrate was correct in concluding that Newman's Truck Service, Inc. was successor employer of Bill Newman, Russom v. Sears, Roebuck & Co., 415 F.Supp. 792 (E.D.Mo. 1976), aff'd 558 F.2d 439 (8th Cir.), cert. denied 434 U.S. 955, 98 S.Ct. 481, 54 L.Ed.2d 313 and, under the circumstances of this case, it is appropriate to hold Newman's Truck Service, Inc. to the substantive provisions of the contracts in question. Cf. NLRB v. Burns International Security Services, Inc., 406 U.S. 272, 92 S.Ct. 1571, 32 L.Ed.2d 61 (1972).
This Court must disagree, however, with the magistrate's decision as to the applicable statute of limitations. Since no statute of limitations is provided in 29 U.S.C. § 185, the magistrate correctly determined that the most analogous state statutes were applicable. Smart v. Ellis Trucking Co., 580 F.2d 215, 217 (6th Cir. 1978). The magistrate determined that the liability of defendant Newman, individually, was governed by § 516.110(1), R.S.Mo. (1969) which provides a ten year statute of limitation for "an action upon any writing, whether sealed or unsealed, for the payment of money or property". However, the magistrate determined that the liability of Newman's Truck Service, Inc. was to be determined according to the five year statute of limitations applicable to actions upon contracts. § 516.120(1), R.S.Mo. (1969). This decision was reached even though both *1243 defendants' liability arose out of the same contract.
The magistrate based the differing results on the fact that Newman's Truck Service, Inc. could not be held liable under the contract until extrinsic facts were examined to determine that it was, in fact, the successor employer of Bill Newman. Bill Newman, individually, however, was said to be liable under his obligation to pay arising out of the contract, with no consideration of extrinsic facts necessary. This Court does not believe that such a fine distinction can be drawn.
Initially, it must be pointed out that the fact that Newman's Truck Service, Inc. was not a party to the original contract does not preclude plaintiff from relying on § 516.110(1), were plaintiff able to assert an action based upon a writing for the payment of money. Silton v. Kansas City, 446 S.W.2d 129, 132 (Mo.1969). It is this Court's opinion, though, that both defendants are liable for breach of contract and are governed by the five year statute of limitations of § 516.120(1), R.S.Mo. (1969).
To apply § 516.110(1) in the present situation would render § 516.120(1) inapplicable in the majority of cases to which it now applies. From the decided cases it appears that § 516.110(1) applies to actions upon notes, bills, negotiated instruments and writings of that nature; it does not appear to be applicable to suits brought for breach of contracts for the sale of goods or services. Silton, id.; Bangert v. Boise Cascade Corporation, 527 F.2d 902 (8th Cir. 1976); Sam Krause Company v. State Highway Commission, 416 S.W.2d 639 (Mo.1967); Martin v. Potashnick, 358 Mo. 833, 217 S.W.2d 379 (1949).
Just as extrinsic facts had to be examined to determine the liability of Newman's Truck Service, Inc., so too extrinsic facts are necessary to a determination of Bill Newman's liability. The Missouri Supreme Court stated in Silton, supra, at 132:

Until the contingency of establishing legal liability on the part of the defendants has been met, neither the defendants nor the insurer under the agreement would have any obligation to pay money to anyone claiming loss by reason of the use of the lockers. Thus the proof of extrinsic facts would be required to establish both the existence of the obligation as well as the amount of the loss. (Emphasis added).
The same is true in the present situation. This case involves a claim of breach of contract, and, as such, necessitated proof of liability on the part of defendants. Such liability was shown through the proof of extrinsic facts. Therefore, the five year statute of limitations of § 516.120(1), R.S.Mo. (1969) is applicable to all plaintiffs' claims.
The Court finds no merit in the remaining contentions raised by the parties. Therefore, the magistrate's report will be accepted in all respects except as to the applicable statute of limitations.