592 F.Supp. 664 (1984)
CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, etc., et al., Plaintiffs,
v.
AALCO EXPRESS COMPANY, INC., Defendant.
No. 84-223C(1).
United States District Court, E.D. Missouri, E.D.
September 21, 1984.
*665 Michael A. Kafoury, Clayton, Mo., for plaintiffs.
Donald J. Meyer, Clayton, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on plaintiffs' motion to compel discovery and defendant's motion to strike plaintiffs' claims which arose prior to January 24, 1979. At the core of both motions is the issue of which statute of limitations applies in the case at bar.
Plaintiffs' cause of action arises out of a pension trust agreement. Plaintiffs are a pension trust fund and its trustees. Defendant is an employer who is allegedly a party to a series of collective bargaining agreements between defendant and Local Union No. 600 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. Pursuant to said collective bargaining agreements, defendant allegedly agreed to make timely contributions to plaintiffs' trust fund and to be bound by the terms and conditions set forth in the Central States Pension Trust Agreement (hereinafter "CSPTA"). Under Article XIV, § 7 of the CSPTA, the parties agreed, as follows:
This Agreement shall in all respects be construed according to and governed by the laws of the State of Illinois, including but not limited to the laws applicable to the rate of interest in the State of Illinois, except as such laws may be preempted by the laws and regulations of the United States.
Both plaintiffs' motion to compel and defendant's motion to strike arise out of Article XIV, § 7 of the CSPTA. Plaintiffs argue that said clause results in the application of the Illinois ten (10) year statute of limitations for actions on written contracts. Chapter 110 Ill.Rev.Stat. ¶ 13-206. Defendant argues that regardless of language to the contrary in the CSPTA, lex fori is the rule which controls the choice of the applicable statute of limitations and, accordingly, Missouri's five (5) year statute applies. § 516.120(1) R.S.Mo. (1969). Thus, plaintiffs move to compel defendant to produce documents relevant to the period prior to January 24, 1979, which date is five (5) years prior to the date plaintiffs' complaint was filed, and defendant moves to strike plaintiffs' claims which arose prior to January 24, 1979.
This Court has subject matter jurisdiction over plaintiffs' complaint pursuant to § 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. § 185(a), and § 502 of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1132. Because neither statute contains a statute of limitations, the Supreme Court, in U.A.W. v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), held that "the timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." Id. at 704-05, 86 S.Ct. at 1112-13. This Court has held that in § 301 suits brought in Missouri the "appropriate state statute of limitations" is the five (5) year statute of limitations for breach of contract actions. § 516.120(1) R.S.Mo. (1969). Robbins v. Newman, 481 F.Supp. 1241, 1243 (E.D.Mo.1979). However, Newman did not address the precise issue presented in the case at bar: whether a choice of law clause in a pension trust agreement can alter the choice of the otherwise *666 "appropriate state statute of limitations"?[1]
Plaintiffs admit that, in the absence of the choice of law clause in the CSPTA, the Missouri five (5) year statute of limitations would apply. However, plaintiffs argue that the choice-of-law clause alters this result and point to the rule that "[t]he parties to a contract may make a choice as to the state whose law shall govern an interpretation of their contract rights and duties." NaKao v. NaKao, 602 S.W.2d 223, 226 (Mo.Ct.App.1980); American Institute of Marketing Systems, Inc. v. Brooks, 469 S.W.2d 932, 935 (Mo.Ct.App.1971). Plaintiffs also rely on § 187 of the Restatement, Second, Conflict of Laws (1971), which provides, in pertinent part, as follows:
§ 187. Law of the State Chosen by the Parties
(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.
In the opinion of this Court, though, the so-called "party autonomy" rule in Missouri and the Restatement, see E. Scoles & P. Hay, Conflict of Laws at 637-52 (1984), is not controlling here for two (2) reasons, both of which stem from the fact that the "party autonomy" rule is a conflict of laws rule.
The first reason it is not controlling is that, being a conflict of laws rule, the "party autonomy" rule affects only the parties' choice of the applicable substantive law. A fundamental principle of conflicts is that a forum state will always apply forum procedure, but it will choose the applicable substantive law according to its own conflict of laws doctrines. Restatement, Second, Conflict of Laws § 122 (1971). In addition, it is equally well-settled that a general statute of limitations is a procedural matter and, therefore, a forum state will apply the forum's statute of limitations to an action even though a sister state's substantive law may govern the merits of that action. White v. Fawcett Publications, 324 F.Supp. 403 (W.D.Mo. 1971); Keaton v. Crayton, 326 F.Supp. 1155 (W.D.Mo.1969); Modine Manufacturing Co. v. Carlock, 510 S.W.2d 462 (Mo. 1974); Restatement, Second, Conflict of Laws § 142 (1971). See generally E. Scoles & P. Hay, Conflict of Laws at 58-67 (1984). The significance of these principles is that, although Missouri courts would probably give effect to the choice-of-law clause in the CSPTA by applying Illinois substantive contract law, Missouri courts *667 would nevertheless apply the Missouri statute of limitations.[2]
The second reason that the "party autonomy" rule is not controlling is that, again being a conflicts rule, it is concerned only with which, from among more than one (1) interested forum, state's law should apply. Indeed, the choice-of-law clause in the CSPTA chooses the law of Illinois, a state. However, in actions under the LMRA and ERISA it is well-established that federal labor law governs. See, e.g., Acheson v. Falstaff Brewing Corp., 523 F.2d 1327 (9th Cir.1975); Clark v. Kaftco Corp., 510 F.2d 500 (1st Cir.1975); Teamsters Local Union No. 688 v. Crown Cork & Seal Co., Inc., 488 F.2d 738 (8th Cir. 1973). In Hoosier Cardinal Corp., the Supreme Court held that the statute of limitations in such actions was to be found "as a matter of federal law" in the most analogous forum state statute of limitations. Hoosier Cardinal Corp., 383 U.S. at 705, 86 S.Ct. at 1113 (emphasis added). Thus, because this is a matter of federal law, the choice-of-law clause in the CSPTA cannot alter the choice of the otherwise "appropriate state statute of limitations."
This Court's holding, however, is a narrow one. This Court does not decide whether the parties to a collective bargaining agreement or a pension trust agreement can, as a matter of federal labor law, provide expressly for a particular period of limitations. The parties did not do so here. This Court holds only that the general choice-of-law clause herein does not result in the application of a statute of limitations other than that of the forum, Missouri.
Accordingly, contractual violations which occurred prior to January 24, 1979, are barred by the five (5) year statute of limitations. Plaintiffs' motion to compel is denied and defendant's motion to strike is granted.
NOTES
[1] Newman dealt only with the choice between two (2) arguably applicable Missouri statutes of limitations. Newman recently was followed by Senior Judge Harper of this district in Robbins v. Metro Moving & Storage Company, No. 83-1154C(A), unpublished Memorandum and Order (E.D.Mo. Nov. 14, 1983). In Metro Moving, which construed a similar pension trust agreement with an identical choice of law unpublished Memorandum and Order (E.D.Mo. Nov. 14, 1983). In Metro Moving, which construed a similar pension trust agreement with an identical choice of law provision, Judge Harper ruled that the Missouri five (5) year statute was applicable. However, while plaintiffs therein pressed the same argument as plaintiffs do here, Judge Harper did not specifically address the choice of law problem and therefore Metro Moving is not controlling. See Plaintiffs' Memorandum at 8-12 in Robbins v. Metro Moving Storage Company, No. 83-1154C(A) (E.D.Mo. filed July 28, 1983).
[2] The fact that Missouri conflicts principles treat statutes of limitations as procedural is not the only reason that Missouri would not treat the choice-of-law clause as making the Illinois statute of limitations applicable. In both Missouri and the Restatement the parties cannot make a choice-of-law that would alter a fundamental policy of the forum state. Restatement, Second, Conflict of Laws § 187(2)(b) (1971). See also E. Scoles & P. Hay, Conflict of Laws at 637-43 (1984). Statutes of limitations represent such policies. State ex rel. Sisters of St. Mary v. Campbell, 511 S.W.2d 141 (Mo.Ct.App.1974); State ex rel. and to Use of Collector of Revenue of City of St. Louis v. Robertson, 417 S.W.2d 699 (Mo.Ct.App.1967). See also E. Scoles & P. Hay, Conflict of Laws at 58-67 (1984).