640 F.Supp. 1495 (1986)
CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, a pension trust, and Howard McDougall, a trustee of the Central States, Southeast and Southwest Areas Pension Fund, and Central States, Southeast and Southwest Areas Health and Welfare Fund, a health and welfare trust, and Howard McDougall, a trustee of the Central States, Southeast and Southwest Areas Health and Welfare Fund, Plaintiffs,
v.
KING DODGE, INC., a Missouri Corporation, Defendant.
No. 84-2573C(5).
United States District Court, E.D. Missouri, E.D.
July 16, 1986.
*1496 Latourette & Weyerich, Donald J. Weyerich, Clayton, Mo., for plaintiffs.
Greensfelder, Hemker, Wiese, Gale & Chappelow, John W. Moticka, Ralph Edwards, St. Louis, Mo., for defendant.

MEMORANDUM
LIMBAUGH, District Judge.
This case is before the Court on the motion of plaintiffs, the Central States, Southeast and Southwest Areas Pension and Health and Welfare Funds and a trustee, Howard McDougall, for summary judgment pursuant to Fed.R.Civ.P. 56. Jurisdiction is based on § 301(a) of the Labor Management Relations Act of 1947, as amended, (29 U.S.C. § 185(a)), and 502 of the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. 1132) and § 306 of the Multiemployer Pension Plan Amendments Act of 1980 (P.L. 96-364, § 515 ERISA).
Plaintiffs' cause of action arises out of a pension trust arrangement that defendant has been a party to. The defendant is an employer who, according to the plaintiffs, owes money for contributions and interest on a health and welfare fund and a pension fund managed by the plaintiffs. The parties have agreed to an extensive stipulation of facts and the sole remaining issue before the Court is the applicable statute of limitations for the specified debt.

Findings of Fact
The plaintiff employee benefit plans have their principal place of business in Chicago, Illinois. The defendant, King Dodge, Inc., is a Missouri corporation with its office and principal place of business in St. Louis, Missouri. Since 1973, the defendant has been a party to collective bargaining agreements and participation agreements obligating it to make contributions into the plaintiff funds. All parties agree by stipulation that the defendant owes plaintiffs $4,274.59. However, if § 516.120 R.S.Mo. (Missouri's five-year statute of limitations) applies to plaintiffs' claims, all but $32.60 of their claims are barred.

Conclusions of Law
Both the pension fund trust agreement and the health and welfare trust agreement involved in this suit contain the following provision:
This Agreement shall in all respects be construed according to and governed by the laws of the State of Illinois, including but not limited to the laws applicable to the rate of interest in the State of Illinois, [except] as such laws may be preempted by the laws and regulations of the United States.
Plaintiffs argue that this general provision serves to designate a ten-year Illinois statute of limitations as providing the appropriate limitation period for their claims. In the alternative, plaintiffs argue that if a Missouri statute of limitations must apply, then it is § 516.110(1) R.S.Mo., which also provides for a ten-year period, that is appropriate.
This question has been encountered before in the United States District Court for the Eastern District of Missouri and the Court has decided that § 516.120 R.S.Mo. is the statute of limitation to be applied. This Court has reviewed the decisions in Central States, Southeast and Southwest Areas Pension Fund v. Aalco Express Co., Inc., 592 F.Supp. 664 (D.C.Mo.1984) and Robbins v. Newman, 481 F.Supp. 1241 (D.C.Mo.1979) along with the briefs filed by the parties. After a careful examination of *1497 the law in this area, the Court concludes that these earlier decisions are sound and that the five-year statute of limitations must apply to the claims in this case. See also Silton v. Kansas City, 446 S.W.2d 129, 132 (Mo.1969).

ORDER
IT IS HEREBY ORDERED that plaintiffs' motion for a summary judgment declaring that the Illinois ten-year statute of limitations for written contracts governs the present action or, in the alternative, that Missouri's ten-year statute of limitations governing actions on written promises to pay money controls this suit is DENIED.
IT IS FURTHER ORDERED that judgment be entered against the defendants in the amount of $32.60.