666 F.Supp. 167 (1987)
Lucille FOGERTY, Plaintiff,
v.
METROPOLITAN LIFE INSURANCE COMPANY, Defendant.
No. 86-2624C(C).
United States District Court, E.D. Missouri, E.D.
July 28, 1987.
*168 Sidney Fortus, Clayton, Mo., for plaintiff.
P. Terence Crebs, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court upon defendant's motion to dismiss the complaint on the ground that plaintiff's claim is barred by the statute of limitations. For the reasons stated below, that motion will be granted.
Plaintiff filed her complaint, which she styled "Petition On Contract," in November 1986. Plaintiff therein alleged that she was employed by the General Electric Company ("GE") from 1963 until October 8, 1977; that she participated in GE's group insurance plan; that pursuant to this plan, GE withheld premiums from plaintiff's wages for payment to defendant under group insurance policies negotiated by GE and defendant; that the plan provided, inter alia, for payment of accident and disability benefits to participants; that plaintiff became totally and permanently disabled on October 8, 1976; that she received disability benefits pursuant to the plan from October 8, 1976, until December 21, 1976; that in January 1977 defendant informed plaintiff that she was no longer entitled to benefits; and that plaintiff remains totally and permanently disabled. By this action, plaintiff seeks to recover disability benefits from December 21, 1976, to the present.
Plaintiff's claim for benefits is governed by section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 (1982). Pilot Life Ins. Co. v. Dedeaux, ___ U.S. ___, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Because ERISA does not contain a statute of limitations for bringing civil actions, a court must look to the most analogous and appropriate state statute of limitations. Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan, 713 F.2d 247, 251 (7th Cir.1983). Under Missouri law, all actions upon contracts must be brought within five years, Mo.Rev.Stat. § 516.120(1) (1978), except that "[a]n action upon any writing ... for the payment of money or property" may be brought within ten years. Mo.Rev. Stat. § 516.110(1) (1978).
In its motion to dismiss, defendant argues that the five-year limitations period applicable to contract actions generally should be applied to plaintiff's claim. Given that plaintiff's cause of action accrued when her disability benefits were terminated on December 21, 1976, but that she did not file her complaint until November 1986, defendant argues that plaintiff's claim is barred by section 516.120(1). In support of this argument, defendant relies principally upon Robbins v. Newman, 481 F.Supp. 1241 (E.D.Mo.1979). In that case, the trustees of a pension fund sued the defendant employers to recover delinquent payments pursuant to a pension fund agreement. The district court determined that this agreement was subject to ERISA, and that the most analogous statute of limitations was the five-year period of section 516.120(1). The court observed that section 516.110(1) generally applied to actions upon bills, notes, negotiable instruments and other such writings, but not to suits brought for breach of contracts for goods or services. *169 Id. at 1243. See also Central States, Southeast & Southwest Areas Pension Fund v. King Dodge, Inc., 640 F.Supp. 1495 (E.D.Mo.1986).
Plaintiff concedes that she did not file her complaint until more than nine years after her cause of action accrued, but argues that her claim remains timely because the applicable statute of limitations is the ten-year period of section 516.110(1). Plaintiff cites two Missouri cases applying the ten-year period to disability claims under group insurance policies. Crawford v. Metropolitan Life Ins. Co., 167 S.W.2d 915 (Mo.App.1943); Adams v. Metropolitan Life Ins. Co., 139 S.W.2d 1098 (Mo.App. 1940). In neither of those cases, however, did the court consider applying the five-year period, nor did it discuss the distinction between contracts for the payment of money and other contracts. Plaintiff also cites cases applying the ten-year period in the context of automobile insurance policies, Edwards v. State Farm Ins. Co., 574 S.W.2d 505 (Mo.App.1978), and indemnity bonds, Missouri, K. & T. Ry. Co. v. American Surety Co. of New York, 291 Mo. 92, 236 S.W. 657 (1921), but this Court does not find such cases dispositive of the issue at bar.
This Court finds that an action to recover benefits under an employee benefit plan, such as the one sponsored by GE in this case, is not an action upon a contract for the payment of money. Under Missouri law, the ten-year limitations period of section 516.110(1) is applicable only if the contract contains a promise to pay money, and "`the essence of a promise to pay money is that it is an acknowledgement of an indebtedness, an admission of a debt due and unpaid.'" Superintendent of Insurance of the State of New York v. Livestock Market Ins. Agency, Inc., 709 S.W.2d 897, 900 (Mo.App.1986) (emphasis in original). This promise must arise from the writing itself, and may not be shown by extrinsic evidence. Id.
In the instant case, the group insurance plan under which plaintiff seeks to recover does not admit any indebtedness on defendant's part. To establish defendant's liability on that contract, plaintiff would need to prove extrinsic facts, such as the nature and extent of her disability. By contrast, if plaintiff were suing upon a bill, note or negotiable instrument, defendant's legal obligation to pay money would be apparent on the face of the contract. In essence, plaintiff in this case seeks to recover damages for defendant's breach of a contract to provide disability insurance benefits. This insurance protection is a service, not a promise to pay money. The group insurance plan represents defendant's promise to provide insurance protection, but does not acknowledge any outstanding debt to plaintiff (or to anyone else). Accordingly, the five-year limitations period set forth in section 516.120(1) must be applied in the instant case.
This decision is in accord with Robbins, which the Court finds to be indistinguishable. Plaintiff seeks to distinguish Robbins on the ground that it involved a pension plan rather than a welfare plan. However, each of these is considered an "employee benefit plan" under ERISA. See 29 U.S.C. § 1002(3). Plaintiff also observes that in Robbins trustees of the plan were seeking to recover delinquent contributions from the employers, whereas plaintiff in the instant case is a participant in the plan who seeks to recover unpaid benefits from the plan itself. This distinction is immaterial because the status of the parties does not alter the nature of the contract being sued upon. In neither Robbins nor the instant case could the employee benefit plan at issue be characterized as a contract for the payment of money. Accordingly, the rationale set forth in Robbins is equally applicable in this case.
For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint will be granted.