835 F.2d 1238
 CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION
FUND--Howard McDougall, Trustee, Central States,
Southeast and Southwest Areas Health and
Welfare Fund--Howard
McDougall, Trustee, Appellants,
v.
KING DODGE, INC., Appellee.
 No. 86-2050.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 10, 1987.
Decided Dec. 23, 1987.
 
 Russell Ludlow, Bloomfield Hills, Mich., for appellants.
 John W. Moticka, St. Louis, Mo., for appellee.
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 HENLEY, Senior Circuit Judge.
 
 
 1
 Appellants Central States, Southeast and Southwest Areas Pension and Health and Welfare Funds and their Trustees (hereafter referred to collectively as Central States) commenced this collection action against appellee King Dodge, Inc. The sole issue on appeal is whether the district court applied the correct statute of limitations in barring all but $32.60 of Central States' claim. 640 F.Supp. 1495. We reverse and remand to the district court.
 
 
 2
 The parties stipulated to all the relevant facts in this case. King Dodge is a party to a collective bargaining agreement which required King Dodge to make weekly contributions on behalf of its employees to a pension fund administered by Central States. As part of this obligation King Dodge executed a participation agreement assenting to the terms of Central States' Trust Agreement. For the period January, 1977 through October 15, 1985 King Dodge owes Central states $4,274.59 on its obligation to contribute to the pension fund and health and welfare fund. Central States' recovery of most of this sum is dependent on which statute of limitations is applicable to its claim.
 
 
 3
 Relevant to the statute of limitations issue the Trust Agreement provides:
 
 
 4
 This Agreement shall in all respects be construed according to and governed by the laws of the State of Illinois, including but not limited to the laws applicable to the rate of interest in the State of Illinois, except as such laws may be preempted by the laws and regulations of the United States.
 
 
 5
 Central States argues that this provision contractually binds the parties to Illinois' ten-year statute of limitations. During the pendency of this appeal a different panel of this court determined that the Trust Agreement's choice of law provision was inapplicable in another collection proceeding brought by Central States. Robbins v. Iowa Road Builders Co., 828 F.2d 1348, 1352-53 (8th Cir.1987). The Robbins panel concluded that "an action to collect delinquent fund contributions states a federal cause of action...." Id. Therefore, "arguments about the choice of law provision in the trust agreements and conflicts of law principles, arguments which are premised upon diversity jurisdiction, are inapposite," id. at 1353, and the most analogous statute of limitations from the forum state is applied. Id. The district court's holding in the present case appears to be foursquare with the decision in Robbins as to the inapplicability of Illinois' statute of limitations. However, because under either Illinois law or Missouri law a ten-year statute of limitations applies, we need not decide definitively which state's statute to apply.
 
 
 6
 "An action upon any writing ... for the payment of money or property" shall be commenced within ten years. Mo.Ann.Stat. Sec. 516.110(1) (Vernon 1952). All other actions upon contracts are to be commenced within five years. Mo.Ann.Stat. Sec. 516.120(1) (Vernon 1952). Central States has previously litigated this issue in the Missouri district courts, both times resulting in the application of the five-year statute of limitations. Central States, Southeast & Southwest Areas Pension Fund v. Aalco Express Co., 592 F.Supp. 664, 666 (E.D.Mo.1984); Robbins v. Newman, 481 F.Supp. 1241, 1243 (E.D.Mo.1979) (hereafter Newman ). Central States is of little analytic value in the present case because there Central States admitted the applicability of Sec. 516.120(1) and the gravamen of the decision was the effect of the choice of law provision in the Trust Agreement. 592 F.Supp. at 666.
 
 
 7
 The applicability of the reasoning in Newman is more troublesome. Fortunately, the Missouri Court of Appeals has recently addressed the distinction between the two statutes.
 
 
 8
 It is the evolved principle of our decisions that, in order for the ten-year limitations period of Sec. 516.110 to appertain, the writing must be not only for the payment of money, but also must contain a "promise to pay money...." Once that obligation is found from the writing, the exact amount to be paid or other detail of the obligation may be shown by extrinsic evidence--but not the promise itself.
 
 
 9
 Superintendent of Insurance of New York v. Livestock Market Insurance Agency, Inc., 709 S.W.2d 897, 900 (Mo.Ct.App.1986) (emphasis in the original) (citation omitted). In Newman the individual defendants' liability was at issue; thus the promise to pay money required proof through extrinsic facts. Newman, 481 F.Supp. at 1243; see Superintendent of Insurance of New York, 709 S.W.2d at 900 ("Thus, although in [Martin v.] Potashnick[, 358 Mo. 833, 217 S.W.2d 379 (1949) ], there was a writing--an open account--that some indebtedness existed, that the debt was due and payable was determinable only by extrinsic evidence, and hence the contract was not a promise to pay money within Sec. 516.110.") This case, however, is distinguishable from Newman. King Dodge does not deny its liability (apart from the statute of limitations defense) to pay Central States under the Trust Agreement. King Dodge asserts in its brief that because extrinsic evidence (i.e., the number of employees) is necessary to calculate the total debt due that Sec. 516.110(1) does not apply. As we have seen, however, extrinsic evidence may be used to prove the exact amount owing. Superintendent of Insurance of New York, 709 S.W.2d at 900. " '[T]he essence of a promise to pay money is that it is an acknowledgment of an indebtedness, an admission of a debt due and unpaid.' " Id. (quoting Potashnick, 358 Mo. at ----, 217 S.W.2d at 381) (emphasis by the court). Because King Dodge's promise is contained within the four corners of the writing, Sec. 516.110(1) is the applicable statute of limitations if Missouri law applies.
 
 
 10
 Since under either Missouri or Illinois law a ten-year period of limitations applies, the decision of the district court is reversed and the cause is remanded for application of a ten-year statute of limitations and for further proceedings not inconsistent with this opinion.