CARPENTERS DISTRICT COUNCIL OF KANSAS CITY PENSION FUND, et al., Plaintiffs,

v.

BOWLUS SCHOOL SUPPLY, INC., Defendant.

No. 89–0088–CV–W–3.

United States District Court, W.D. Missouri, W.D.

June 28, 1989.

Michael G. Newbold, Michael C. Arnold, Yonke, Arnold & Newbold, P.C., Kansas City, Mo., for plaintiffs.

James Kevin Checkett, Esterly & Checkett, Carthage, Mo., Kurtis I. Loy, Loy & Loy, Pittsburg, Kan., for defendant.

## ORDER

ELMO B. HUNTER, Senior District Judge.

Before the Court is defendant's motion to dismiss plaintiffs' complaint pursuant to Rule 12(b), Fed.R.Civ.P. Specifically, defendant moves to dismiss plaintiffs' complaint for the following reasons: (1) this Court lacks subject matter jurisdiction; (2) venue is improper in this district; (3) plaintiffs' complaint fails to state a claim upon which relief can be granted; and (4) plaintiffs' complaint is barred in whole or in part by the applicable statute of limitations. Plaintiffs in this case are the Carpenters District Council of Kansas City Pension Fund, Carpenters District Council of Kansas City & Vicinity Welfare Fund ("plaintiff Funds"), and the trustees of plaintiff Funds.

Taking as true the allegations of the complaint, as the Court must do in a motion to dismiss, *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), and all reasonable inferences therefrom, the pertinent facts must be stated as follows. Plaintiff Funds were established on April 1, 1968, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri ("Association") and the United Brotherhood of Carpenters and Joiners of America, District Council of Kansas City AFL-CIO ("Union"). Plaintiff Funds are "trust funds" existing pursuant to the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 186(c), and are "employee benefit plans" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2). Employers agreeing to be bound by the collective bargaining agreement between the Association and the Union are required to make fringe benefit contributions of certain monetary amounts to plaintiff Funds on a monthly basis.

On February 10, 1975, Glen Gintner signed a contract stipulation purportedly on behalf of defendant. The effect of the contract stipulation was to bind defendant not only to the then current collective bargaining agreement between the Association and the Union, but also to all subsequent such agreements, unless defendant properly notified the Association and the Union of its intent to terminate. Defendant neither submitted fringe benefit reports nor made fringe benefit contributions to plaintiff Funds for the period beginning June 1, 1977, and ending in September, 1988. Furthermore, defendant has refused to allow plaintiffs to audit its books and records for the purpose of determining the amount of fringe benefit contributions which should have been paid to plaintiff Funds since June 1, 1977. Plaintiffs seek monetary relief in the form of fringe benefit contributions, liquidated damages, and interest, and injunctive relief.

## I.

Defendant maintains that ERISA does not grant subject matter jurisdiction to the federal courts to hear ERISA actions filed by employee benefit funds.[1] 29 U.S.C. § 1132(e)(1) gives the district courts "exclusive jurisdiction of civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, or fiduciary."[2] Similarly, section 1132(a)(3), the ERISA standing provision, states that a "participant, beneficiary, or fiduciary" may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other

---

**1.** Defendant's argument that subject matter jurisdiction is lacking because "defendant is not a party to a collective bargaining agreement with Plaintiffs" goes to the actual validity of plaintiffs' claim and not to the question of whether plaintiffs' complaint purports to state a claim under federal law. This argument will be addressed in part III of this Order, *infra.*

**2.** Defendant does not appear to challenge the Court's subject matter jurisdiction over the ERISA action filed by the trustees of plaintiff Funds. The Court notes that subject matter jurisdiction pursuant to section 1132(e)(1) clearly exists over the ERISA claims raised by plaintiff trustees because the trustees are fiduciaries as that term is defined within ERISA.

appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan...." The circuits have disagreed whether the grant of jurisdiction in section 1132(e)(1) is exclusive, thereby prohibiting an ERISA action by an entity not specifically enumerated therein, such as an employee benefit plan.

*Pressroom Unions—Prints League Income Security Fund v. Continental Assurance Co.,* 700 F.2d 889 (2d Cir.), *cert. denied,* 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983), was the first important pronouncement addressing the issue of whether a district court has subject matter jurisdiction over a suit brought by an employee benefit plan under ERISA. The Second Circuit concluded that section 1132(e)(1) should be viewed as an exclusive jurisdictional grant. *Id.* at 892. The court held it lacked subject matter jurisdiction over ERISA actions brought by employee benefit plans, because the plans are not specifically named in ERISA's jurisdictional provisions. *Id.* at 892–93. A majority of other courts have similarly decided that the standing and jurisdictional provisions of section 1132 are limited to suits by the entities specified in the statute. *See Giardono v. Jones,* 867 F.2d 409, 413 (7th Cir. 1989) (grant of subject matter jurisdiction in § 1132(e)(1) is exclusive to the parties enumerated); *Gulf Life Insurance Co. v. Arnold,* 809 F.2d 1520, 1524 (11th Cir.1987) (ERISA standing provisions limited only to those parties enumerated in § 1132); *Grand Union Co. v. Food Employers Labor Relations Association,* 808 F.2d 66, 71 (D.C.Cir.1987) (court indicated it would limit suits brought under § 1132 to the parties enumerated therein); *Stanton v. Gulf Oil Corp.,* 792 F.2d 432 (4th Cir.1986) (Fourth Circuit indicated it would read ERISA provisions narrowly); *Whitworth Brothers Storage Co. v. Central States, Southeast and Southwest Areas Pension Fund,* 794 F.2d 221, 228 (6th Cir.), *cert. denied,* 479 U.S. 1007, 107 S.Ct. 645, 93 L.Ed.2d 701 (1986) (§ 1132(e)(1) is an exclusive grant of jurisdiction); *Northeast Department ILGWU Health and Welfare Fund v. Teamsters Local Union No. 229 Welfare Fund,*

764 F.2d 147, 153 (3d Cir.1985) (jurisdictional provisions of § 1132 must be read narrowly and literally); *Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir. 1983) (§ 1132(e)(1) does not confer jurisdiction over an action brought by an employer as an employer); *Crown Cork & Seal Co. v. Teamsters Pension Fund of Philadelphia,* 549 F.Supp. 307, 310 n. 3, 311 (E.D. Pa.), *aff'd,* 720 F.2d 661 (3d Cir.1983) (action brought by employer as employer is not included within the scope of § 1132); *Central States v. Admiral Merchants Motor Freight, Inc.,* 511 F.Supp. 38, 46 (D.Minn.1980), *aff'd,* 642 F.2d 1122 (8th Cir. 1981) ("ERISA by its terms permits actions only by the Secretary of Labor and participants, beneficiaries, and fiduciaries of trust funds"); *International Union of Bricklayers and Allied Craftsmen Local # 1 v. Menard & Co. Masonry Building Contractors,* 619 F.Supp. 1457 (D.R.I.1985) (court lacked jurisdiction over employee benefit funds' action since funds were not participants, beneficiaries, or fiduciaries); *Cameron Manor, Inc. v. United Mine Workers of America,* 575 F.Supp. 1243, 1245 (W.D.Pa.1983) (federal jurisdiction under ERISA limited to entities listed in statute); *Amalgamated Industrial Union Local 44–A Health and Welfare Fund v. Webb,* 562 F.Supp. 185 (N.D.Ill.1983) (court adopted reasoning of *Pressroom Unions*); *District 65, UAW v. Harper & Row Publishers, Inc.,* 576 F.Supp. 1468, 1476 (S.D. N.Y.1983) (union had no standing under the clear language of § 1132).

A small minority of courts, however, have concluded that the provisions of section 1132 are not exclusive to the entities enumerated therein. In *Fentron Industries, Inc. v. National Shopmen Pension Fund,* 674 F.2d 1300 (9th Cir.1982), an employer and a class of its employees brought suit against a pension fund alleging violations of ERISA. The Ninth Circuit stated that Congress, in enacting ERISA, did not intend to prohibit employers from suing to enforce the provisions of ERISA, so that the omission of employers from section 1132 was not significant. *Id.* at 1305. The court held that section 1132 did not pre-

clude employers from bringing an action under ERISA. *See Donovan v. Schmoutey,* 592 F.Supp. 1361, 1390 (D.Nev.1984) (pension trust had independent standing to sue under ERISA).

In a few cases, entities such as employee benefit plans and employers have been labeled a "fiduciary," "participant," or "beneficiary" and have been allowed to bring an action under ERISA. *Saramar Aluminum Co. v. Pension Plan for Employees of the Aluminum Industry and Allied Industries of Youngstown Ohio Metropolitan Area,* 782 F.2d 577 (6th Cir.1986), involved an action by an employer against an employee benefit plan and the plan's administrators. The plan counterclaimed against the employer for delinquent contributions, asserting jurisdiction for the counterclaim under section 1132. The Sixth Circuit noted that the plan necessarily included its administrators and stated that "[i]f the Plan, or its administrators acting on behalf of the Plan, may be deemed to be a "fiduciary" within the meaning of the Act, the type of action represented by the Plan's counterclaim may be brought in the district court under § 1132(e)(1)." *Id.* at 581. Because the Court found the plan's administrators to be fiduciaries, it concluded that the plan came within the ERISA definition of "fiduciary," despite the fact that the plan had entered into a separate agreement with a bank as trustee. Thus, the Court held that jurisdiction existed under section 1132 to entertain the plan's counterclaim. *Id.* In a concurring opinion, however, Judge Contie criticized the majority's conclusion as stretching the scope of the statute and impermissibly broadening federal jurisdiction. *Id.* at 584. *See American Federation of Unions, Local 102 Health & Welfare Fund v. Equitable Life Assurance Society of the United States,* 647 F.Supp. 947, 949 (M.D.La.1985), *aff'd in part and rev'd in part on other grounds,* 841 F.2d 658 (5th Cir.1988) (employee welfare benefit plan was a "fiduciary" as defined by ERISA); *see also American Federation of Unions, Local 102 Health &*

*Welfare Fund v. Equitable Life Assurance Society of the United States,* 841 F.2d 658 (5th Cir.1988) (Fifth Circuit assumed without analysis that employee benefit plan had standing under § 1132); *Electricians Health, Welfare and Pension Plans, I.B.E.W., Local No. 995 v. Gulino,* 594 F.Supp. 1265 (M.D.La.1984) (court had jurisdiction pursuant to § 1132(e) over action brought by pension plan because the trustees of the plan were fiduciaries).

This Court rejects the rationale of *Fentron, supra,* and its progeny and chooses instead to follow the majority of authority in holding that 29 U.S.C. § 1132(e)(1) should be viewed as an exclusive jurisdictional grant limited to actions brought by entities enumerated therein.[3] Furthermore, the Court declines to find that plaintiff Funds are fiduciaries within the meaning of section 1132(e)(1). It follows that the Court is without subject matter jurisdiction to entertain plaintiff Funds' claims under ERISA.

■ However, the Court finds that subject matter jurisdiction does exist over the claims of plaintiff Funds by virtue of § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a). Section 185(a) provides a federal forum for suits to enforce labor contracts, including pension and welfare agreements. *Schneider Moving & Storage Co. v. Robbins,* 466 U.S. 364, 366 n. 2, 104 S.Ct. 1844, 1846 n. 2, 80 L.Ed.2d 366, 370 n. 2 (1984). Such an action may be brought by an employee benefit plan or its trustees, despite the fact that the plan and its trustees are non-signatories to underlying collective bargaining agreement. *Schneider Moving,* 466 U.S. at 371–375, 104 S.Ct. at 1848–50, 80 L.Ed.2d at 373–375; *International Union of Bricklayers and Allied Craftsmen, Local # 1 of Rhode Island v. Menard & Co. Masonry Building Contractors,* 619 F.Supp. 1457, 1463 (D.C.R.I.1985); *Southwest Administrators, Inc. v. K–J Distributors, Inc.,* 703 F.Supp. 841, 842–43 (D.Ariz. 1988). Thus, plaintiff Funds and their

---

**3.** The Court does not decide whether plaintiff Funds could bring an action for delinquent contributions pursuant to 28 U.S.C. § 1331, because plaintiff Funds have not claimed subject matter jurisdiction under that statute.

trustees, although non-signatories to the collective bargaining agreement between the Association and the Union, have properly invoked this Court's LMRA jurisdiction in their effort to recover alleged delinquent contributions from defendant.[4]

Defendant's motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction is overruled insofar as it questions this Court's LMRA-based jurisdiction. It is further overruled to the extent that it challenges this Court's ERISA based jurisdiction over the claims brought by plaintiff trustees. Defendant's motion to dismiss is sustained only to the extent that it challenges the Court's ERISA-based jurisdiction over the claims brought by plaintiff Funds.

## II.

Defendant's contention that venue is improper in this district because "Defendant is not a party to any agreement with Plaintiff" is meritless. 29 U.S.C. § 1132(e)(2) provides:

Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

Plaintiffs' complaint asserts that the plan in the instant case is administered in this district and that defendant does business in this district. Defendant does not dispute these assertions in its motion to dismiss. Thus, the Court finds that venue is proper in the Western District of Missouri.

## III.

Defendant contends that plaintiffs' complaint should be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief can be granted.[5] In support of this motion, defendant asserts that Glen Gintner, whose signature appears on the contract stipulation dated February 10, 1975, was not authorized to execute contracts on behalf of defendant.

Under Rule 12(b)(6), a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Bennett v. Berg*, 685 F.2d 1053, 1057 (8th Cir.1982), *cert. denied sub nom. Prudential Insurance Co. of America v. Bennett*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). The Court finds that it does not yet appear beyond a doubt that plaintiffs cannot prove their claim. Thus, defendant's motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) is denied.

## IV.

Defendant's final argument is that plaintiffs' complaint is barred in whole or in part by the applicable statute of limitations. ERISA does not (nor does LMRA § 301(a), 29 U.S.C. § 185(a)) contain a statute of limitations applicable to actions to recover delinquent contributions. *Robbins v. Iowa Road Builders Co.*, 828 F.2d 1348, 1353 (8th Cir.1987) *cert. denied sub nom. Robbins v. Easter Enterprises, Inc.,* —— U.S. ——, 108 S.Ct. 2899, 101 L.Ed.2d 933 (1988). "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to

---

4. The three requirements for a section 301 suit are (1) an alleged violation (2) of a collective bargaining agreement (3) between an employer and a labor organization. *Menard,* 619 F.Supp. at 1465 n. 11; *Maita v. Killeen,* 465 F.Supp. 471, 472 (E.D.Pa.1979). The Court has already noted that an employee benefit plan is considered a contract for purposes of section 301. *See Maita,* 465 F.Supp. at 472. The fact that defendant employer contends it was not bound by the collective bargaining agreement between the Union and the Association does not affect the

Court's initial determination that plaintiffs have properly invoked jurisdiction under the LMRA.

5. To the extent defendant supports his motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) with matters outside the pleadings, the Court exercises its discretion to exclude such matters so that defendant's motion to dismiss will not be converted under Rule 12(b) to a motion for summary judgment.

adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Id.* (quoting *Wilson v. Garcia,* 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985)). Accordingly, the Court must determine the most appropriate Missouri statute of limitations to apply to plaintiffs' ERISA (LMRA) claims.

Defendant contends that Mo.Rev.Stat. § 516.120(1) provides the applicable statute of limitations in this case. Section 516.-120(1) places a five year limitation on all actions upon contracts. Plaintiff prefers the statute of limitations found in Mo.Rev. Stat. § 516.110(1), which allows an action upon any writing for the payment of money or property to be commenced within ten years.[6] For the following reasons the Court concludes that the five year limitations period of section 516.120(1) is applicable in the present case, thus barring that portion of plaintiffs' claims which accrued prior to February 1, 1984.

The Missouri Court of Appeals recently undertook to distinguish between section 516.120 and section 516.110. In *Superintendent of Insurance of New York v. Livestock Market Insurance Agency, Inc.,* 709 S.W.2d 897 (Mo.Ct.App.1986), the court stated:

> It is the evolved principle of our decisions that, in order for the ten-year limitations period of § 516.110 to appertain, the writing must be not only for the payment of money, but must also contain a *"promise to pay money ...."* Once that obligation is found from the writing the exact amount to be paid or other detail of the obligation may be shown by extrinsic evidence—*but not the promise itself.*

*Id.* at 900 (emphasis in original) (citations omitted). In the instant case, defendant maintains that Glen Gintner, whose signature appears upon the contract stipulation dated February 10, 1975, lacked the author-

ity to contractually bind defendant to the collective bargaining agreement entered into by the Union and the Association. Thus, any promise to pay on the part of defendant must be proved by extrinsic evidence of Glen Gintner's authority at the time he signed the February 10, 1975 contract stipulation. Because the obligation to pay cannot be shown by the writing itself, the ten-year limitations period of section 516.110 is inapplicable. *See Robbins v. Newman,* 481 F.Supp. 1241 (E.D.Mo.1979) (five-year statute of limitations applied because defendant's liability was at issue). This case is easily distinguishable from *Central States Southeast and Southwest Areas Pension Fund v. King Dodge, Inc.,* 835 F.2d 1238 (8th Cir.1987), an ERISA action in which the Eighth Circuit determined that the ten-year limitations period was applicable. In *King Dodge,* the employer did not deny its liability to contribute to the plaintiff employee pension and health and welfare funds. Thus, the only issue was the total debt due. The Eighth Circuit noted that extrinsic evidence can be used for the limited purpose of proving the exact amount owing without precluding the applicability of section 516.110(1). *Id.* at 1240. Unlike the defendant in *King Dodge,* the defendant in the instant case strongly contests its liability for the claimed delinquent contributions, thus making section 516.110(1) inapplicable.

### Conclusion

It is hereby ORDERED that

Defendant's motion to dismiss plaintiffs' complaint is granted in part as follows:

(1) the ERISA-based claims of plaintiff Funds are dismissed because subject matter jurisdiction over those claims is lacking; and

(2) Mo.Rev.Stat. § 516.120(1) bars that portion of plaintiffs' claims accruing prior to February 1, 1984.

---

**6.** In addition, plaintiffs maintain that defendant waived its statute of limitations defense by submitting remittance reports and making fringe benefit contributions to plaintiff Funds for the months of September–December, 1988, and January–April, 1989. However, this Court finds that defendant's recent contributions to plaintiff Funds do not constitute a waiver of its statute of limitations defense. Defendant has adequately preserved that defense through its motion to dismiss.

Defendant's motion to dismiss is denied in all other respects.

It is FURTHER ORDERED that counsel for defendant has ten days from the date of this Order within which to comply with Local Rule 1.E.

IT IS SO ORDERED.