781 F.Supp. 1429 (1992)
Jerry BUTTRAM and Juston Buttram, Plaintiffs,
v.
CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, Defendant Counterplaintiff,
v.
Jerry BUTTRAM and Juston Buttram, Counterdefendants,
and
Ford Motor Company, a Delaware Corporation, and Elmer C. Oberhellmann, Additional Counterdefendants.
No. 89-1655C(6).
United States District Court, E.D. Missouri, E.D.
January 28, 1992.
*1430 Elmer Oberhellmann and Bruce Nangle, St. Louis, Mo., for plaintiffs.
John E. Bardgett, Sr., Riezman & Blitz, St. Louis, Mo., James L. Coghlan, Anita D'Arcy and Julia Bruckner, Coghlan, Joyce, Kukankos, Urbut & D'Arcy, Chicago, Ill., for defendant Cent. States Southeast and Southwest Areas Health and Welfare Fund.
David Luce, Bradley, Baumgart, Shugart, Thomson & Kilroy, Kansas City, Mo. and Andrew Dillon, Sandberg, Phoenix & Von Gontard, P.C., St. Louis, Mo., for defendant Ford Motor Co.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the motions of counter-defendants Ford Motor Company (Ford) and Elmer C. Oberhellmann (Oberhellmann) to dismiss the counterclaim of Central States, Southeast and Southwest Areas Health and Welfare Fund (the Fund). The Fund has filed a response to the aforementioned motion and a motion to add parties, to file a counterclaim, or in the alternative, to stay briefing on Ford's motion to dismiss. Ford has filed a response to these motions.
The Buttrams originally filed a complaint against the Fund in state court seeking payment of medical bills and expenses arising out of a 1984 automobile accident in which Juston Buttram was injured. The Fund removed the action to this Court and filed an answer and counterclaim seeking to enforce against the Buttrams the subrogation provisions of the Fund's Health and Welfare Plan Document (Plan Document). During the course of discovery Ford produced a document which revealed that Ford had paid approximately $1 million in settlement of the Buttrams' claims against Ford arising out of the automobile accident. The moneys were paid to, or for the benefit of, Juston Buttram, Jerry Buttram, Virginia Buttram and Elmer Oberhellmann, the Buttrams' attorney at the time. The Fund contends that no moneys reflecting the settlement payment have been paid to it as required by the subrogation provisions of the Plan Document.
On February 20, 1991 the Fund filed the amended counterclaim which is the subject of the pending motions. In Counts I through IV of the amended counterclaim, the Fund seeks recovery against Ford and Oberhellmann alleging ERISA violations, breach of their duties as constructive trustees, breach of fiduciary duties imposed by ERISA and violation of the federal common law of subrogation. In Count V of the amended counterclaim, the Fund seeks to enforce certain provisions of the Plan Document against the Buttrams.
Ford and Oberhellmann have moved to dismiss Counts I through IV of the amended counterclaim for lack of federal subject matter jurisdiction. They assert that the Fund is not a proper counter-plaintiff under *1431 section 502 of ERISA, 29 U.S.C. § 1132. In addition, they challenge defendants' assertion that the Court has jurisdiction, pursuant to 28 U.S.C. § 1331(a), over Counts II and IV of the counterclaim. Ford and Oberhellmann contend that only the trustees of the Fund and not the Fund itself may assert the ERISA counterclaims and that Counts II and IV do not arise under the "federal common law developed under ERISA." The counter-defendants Ford and Oberhellmann further assert that the Court cannot grant leave to amend the counterclaim to substitute the trustees of the Fund as counterplaintiffs because it lacks subject matter jurisdiction over the amended counterclaim.
In response, the Fund asserts that the Court may exercise federal subject jurisdiction over the Fund's claims, that the Court may permit amendment of the counterclaim to substitute the trustees as counterplaintiffs, that the Court should allow the addition of the Fund trustees as defendants under Federal Rules of Civil Procedure 19 and 20 or that the Fund should be permitted to voluntarily dismiss its claim pursuant to Federal Rule of Civil Procedure 41 and refile its claim in the name of the trustees. In the event that the Court rejects each of the aforementioned requests, the Fund asks the Court to stay briefing on motions to dismiss to allow the filing of a new action naming the trustees as counterplaintiffs.
It is axiomatic that federal courts are courts of limited jurisdiction and that only Congress may create or extend the subject matter jurisdiction of the federal judiciary. See Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n, 453 U.S. 1, 13-18, 101 S.Ct. 2615, 2622-25, 69 L.Ed.2d 435 (1981). The jurisdictional provisions of ERISA do not explicitly authorize a pension fund to assert a cause of action. See 29 U.S.C. § 1132(e)(1). Section 1132(a), the standing provision of the Act, states that "the Secretary [of Labor]" or a "participant, beneficiary or fiduciary" may bring an action to enforce ERISA's fiduciary and other provisions. See Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co., 700 F.2d 889, 892-93 (2d Cir. 1983), cert. denied, 464 U.S. 845, 104 S.Ct. 148, 78 L.Ed.2d 138 (1983). The Fund contends that these sections are not exclusive grants of jurisdiction and that it may bring suit in its own name. This contention has been rejected by the majority of the Courts of Appeals which have confronted the question. See Chemung Canal Trust Co. v. Sovran Bank/Maryland, 939 F.2d 12, 14 (2d Cir.1991); Pressroom, 700 F.2d at 892-93; Blackmar v. Lichtenstein, 603 F.2d 1306, 1310 (8th Cir.1979); see also Carpenters Dist. Council v. Bowlus School Supply, 716 F.Supp. 1232, 1234 (W.D.Mo.1989) and cases cited therein. This Court also rejects the Fund's assertion that § 1132(d)(1) authorizes the Fund to bring an ERISA action in its own name. See Pressroom, 700 F.2d at 893. The authorities cited by the Fund which have adopted such a view have done so with little or no thorough analysis of the issue. Compare Michigan United Food & Commercial Workers' Unions v. Baerwaldt, 767 F.2d 308 (6th Cir.1985); Peoria Union Stock Yards Co. Retirement Plan v. Penn. Mut. Life Ins. Co., 698 F.2d 320, 326 (7th Cir. 1983) with Pressroom, 700 F.2d at 893; Carpenters Dist. Council, 716 F.Supp. at 1234. Finally, the Court finds no basis for concluding in this case that the Fund may be deemed a "fiduciary," "beneficiary" or "participant" within the meaning of the Act. See Pressroom, 700 F.2d at 893; Carpenters Dist. Council, 716 F.Supp. at 1234. On the basis of the foregoing, the Court concludes that it lacks subject matter jurisdiction to entertain the counterclaim filed by the Fund.
In the absence of federal subject matter jurisdiction, the Court is without authority to grant a motion for leave to amend the complaint to create such jurisdiction. Pressroom, 700 F.2d at 893-94 n. 9; see also Andujar v. Rogowski, 113 F.R.D. 151, 155-56 & n. 5 (S.D.N.Y.1986). Because the amendment sought would necessitate new service, plaintiffs in effect seek to file a new action. Id. The Court agrees with the contention of Ford and Oberhellmann that joinder of the trustees *1432 pursuant to Federal Rules of Civil Procedure 19 and 20 would be inappropriate here. The Fund does not assert that the Buttrams are unable to obtain the relief they seek in the absence of the trustees. This is not a case where "complete relief cannot be accorded among those already parties." Fed.R.Civ.P. 19(a)(1). Therefore, the addition of the trustees as defendants pursuant to Rule 19 would only serve to allow the Fund to circumvent the jurisdictional defect of the second amended counterclaim. Similarly, the trustees are not parties against whom the Buttrams have or need to assert "any right to relief in respect of or arising out of" the Buttrams' claims for benefits. Fed.R.Civ.P. 20(a).
The Fund also seeks leave to voluntarily dismiss the second amended counterclaim pursuant to Fed.R.Civ.P. 41(a) and to refile that claim in the name of the trustees. The absence of federal subject matter jurisdiction based upon diversity does not necessarily bar this course of action. Cf. Shortt v. Richlands Mall Ass'n, 130 F.R.D. 64, 66 (W.D.Va.1990) (allegation of defect in diversity jurisdiction did not bar court from considering motion for voluntary dismissal). However, in the absence of authority indicating that a defect in federal question jurisdiction does not preclude voluntary dismissal, the Court refuses to allow voluntary dismissal here. The trustees may, however, file a new action reasserting the claims set forth in the second amended counterclaim. The Court will then entertain a motion to consolidate this action with the trustees' suit.